## CHARLES KING v. LORENTZ MEYER.

FINDING OF FACT ON APPEAL WHEN THE EVIDENCE IS CONFLICTING.—Where, on appeal, it appears there was a substantial conflict in the evidence on the material issues embraced in the findings of fact made by the Court below, such findings will not be disturbed.

PAROL CONTRACT FOR SALE OF LAND—WHEN ENFORCEABLE.—K. entered into a parol contract with L. to convey to L. a tract of land, upon the payment of a stipulated price therefor. L. paid the price as stipulated, and was let into possession. Thereafter K. brought ejectment to recover the possession of said land, to which action L. pleaded said contract and its said part performance, and prayed judgment for its complete performance on the part of K.: *Held*, that a judgment for L. as prayed was properly rendered.

IDEM—WHEN OBJECTION CANNOT BE TAKEN FOR FIRST TIME IN APPELLATE COURT.—Where, in such case, K. objected to the legality of such contract, because in contravention of the Pre-emption Laws of the United States, for the first time in this Court: *Held*, that it was unavailable, because not presented in the Court below.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

This was an action of ejectment to recover a tract of land in Sonoma County. The defendant, in his answer, alleged a

parol contract between the parties, by the terms of which the plaintiff was to convey, for a stipulated price in money, the demanded premises to him, also averred a full payment by him of such price, and that he had been let into and then held possession of the demanded premises, in accordance with said contract, and prayed that the plaintiff be adjudged to make complete specific performance of said contract.

At the trial, which was by the Court without a jury, the defendant presented a written document, which in the record on appeal is designated "Exhibit A," and after introducing evidence tending to prove that it bore the signature of the plaintiff and was delivered by him to the defendant, offered the same in evidence, to which the plaintiff objected, on the grounds, "1st. That the signature of the receipt was not proved to be King's; and 2d. That no land is described in the instrument." Which objections were overruled by the Court, the instrument admitted in evidence, and the plaintiff excepted.

It also appeared in evidence that shortly after the date of said alleged contract of sale, the plaintiff, as a pre-emptor, received a patent for the land in controversy from the Government of the United States, the declaratory statement therefor having been filed by him in the proper Land Office before the date of said alleged contract.

The defendant had judgment as prayed. The findings of fact on which the same was founded were as follows, to wit: "That said plaintiff, on or about the 16th day of September, A. D. 1865, contracted with defendant to convey him said land described in plaintiff's complaint; that defendant paid the consideration in full, and took possession thereof."

The plaintiff appealed from the judgment and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

*George Pearce*, for Appellant.

Certainty in all parts of a contract to convey land is absolutely indispensable. (1 Story's Eq. Juris., Sec. 764; *Charmly*

v. *Hansbury*, 1 Harris, 16; *Owins* v. *Baldwin*, 1 Md. Ch. 123.) There are four essentials to a valid contract; the subject of the contract, the competent parties, the consent of such parties, and the consideration; and no one of these essentials can be supplied by parol in a contract for the conveyance of land. (2 Parsons on Cont. 546, and note U, and cases cited.) It is a principle of equity jurisprudence that parol evidence is admissible to rebut, but not to raise an equity.

The land could not have been the lawful subject of the alleged contract, since the appellant obtained letters patent from the United States as a pre-emptioner on the 23d day of October, 1865, seven days after the making of the alleged contract, and therefore the plaintiff, at the time it was made, must have been a pre-emptioner. If so, even if a conveyance had been made, it would have been void. (U. S. Pre-emption Laws, 1841; Wood's Dig., Secs. 12, 13, p. 747.)

*F. D. Colton*, for Respondent.

The identity of land, from the necessity of the case, may always be proved by parol. (*McCartney* v. *Fitz Henry et al.*, 16 Cal. 186; Fry on Specific Performance, Sec. 209, p. 156.) It is found by the Court "that the plaintiff contracted to convey the land to the defendant, and that the defendant paid the consideration in full, and took possession of the land." Under the rule in *Peterie* v. *Bugby et al.*, 24 Cal. 422, this Court will not set aside the finding. This finding is enough to entitle the defendant to a judgment. The contract, the payment, the land, and the possession are found. Even if the contract is by parol, the possession is part performance. (Brown on Stat. of Frauds, Sec. 465.) If the appellant wished to rely on the Statute of Frauds, he should have pleaded it. (Pr. Act., Secs. 50–65, amended 1865–6, pp. 702, 703; Fry on Spec. Perf., Secs. 339, 340, p. 228; *Burt* v. *Wilson*, 28 Cal. 638.)

By the Court, SPRAGUE, J.:

Upon the question as to the fact of a verbal contract of sale of the lands in controversy between plaintiff and defendant, the payment of the full consideration agreed upon by defendant to plaintiff, and the entry of defendant into possession of the premises under such verbal contract of sale, there is a substantial conflict of evidence, and under the uniform action of this Court, although the evidence in this case, as presented by the record, seems to be vague and unsatisfactory, we do not feel at liberty to disturb the findings.

The error assigned in the admission of "Exhibit A" in evidence, against objections of plaintiff, is untenable upon the first ground stated, as the evidence of the handwriting of the signature thereto was sufficient primarily to authorize its admission. Upon the second ground of objection we are not sufficiently advised, the instrument or exhibit not appearing in the statement.

The facts as found by the Court are sufficient not only to defeat the action in ejectment, but to authorize a decree for specific performance in behalf of defendant. (*Arguello* v. *Edinger*, 10 Cal. 159.)

The point made in appellant's brief as to the invalidity of the contract of sale under the Pre-emption Laws of the United States, does not appear to have been made in the Court below, and hence is not available in an appellate Court.

Judgment affirmed, and remittitur directed to issue forthwith.

Mr. Justice SANDERSON expressed no opinion.