Omar H. Wright and Oliver L. Watson, Trustee, et al., Defendants in Error, v. Thomas H. Matters and Marguerite L. Matters et al., Plaintiffs in Error.

Gen. No. 22,054.    (Not to be reported in full.)`

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1917. Affirmed. Opinion filed March 20, 1917. Rehearing denied March 30, 1917.

## Statement of the Case.

Suit by Omar H. Wright and Oliver L. Watson, trustee, *et al.*, complainants, against Thomas H. Matters and Marguerite L. Matters, his wife, *et al.*, defendants, to foreclose a trust deed. From an order appointing a receiver and a deficiency decree against the defendant Thomas H. Matters, defendants bring error.

HENRY & ROBINSON, for plaintiffs in error.

MEAGHER, WHITNEY, RICKS & SULLIVAN, for defendants in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 610*—*what is right of purchaser at foreclosure sale as to rents, issues and profits during redemption period.* The person entitled to a deed under a certificate of foreclosure sale has no rights to the rents, issues and profits collected from the premises during the redemption period, as he does not derive his title from the trust deed but solely from the statute.

2. MORTGAGES, § 85*—*what is effect of invalid provision in trust deed as to disposal of rents, issues and profits during redemption period on provision for receiver.* Where a certain trust deed con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

veyed as security for the debt certain premises and the rents, issues and profits thereof, and provided that a receiver might be appointed upon bill to foreclose to collect such rents, issues and profits and pay the proceeds thereof to the person entitled to a deed under the certificate of sale, *held* that the fact that such person has no right to such money during the redemption period would affect the disposition of only such surplus proceeds and would not impair the validity of such provision as to a receiver.

3. MORTGAGES, § 653*—*when defendant may not complain of error in entry of deficiency decree.* The contention that the court erred in entering a deficiency decree against a defendant in a foreclosure suit cannot be raised for the first time on review after his approval of such decree.

4. WORDS AND PHRASES—*"O. K." defined.* The abbreviation "O. K." has a well-defined meaning and signifies "all right," "correct," its effect being determined from the circumstances of the situation.

5. EQUITY, § 451*—*what constitutes consent of counsel to decree.* Where a decree contained a notation "O. K." with signature of counsel, and no objection was anywhere made to the entry of such decree, *held* that such notation indicated counsel's unqualified assent to such decree both as to form and propriety of its entry.