[L. A. No. 14912. In Bank.—January 21, 1935.]

H. L. DUCKETT et al., Appellants, v. ADOLPH WEXLER BUILDING AND FINANCE CORPORATION (a Corporation), Respondent.

264

H. L. Duckett, Jr., and F. E. Davis for Appellants.

Amend & Amend and Joseph Hansen for Respondent.

CURTIS, J.—Action to quiet title to real property. Defendant answered setting forth that after the filing of the action it had acquired title in fee simple to said real property at public auction under foreclosure of a deed of trust executed by plaintiffs. ▮ The defendant in its answer also alleged that it was the owner of said real property and asked that its title be quieted as against the plaintiffs and for possession of said real property. The court found all the allegations of the answer to be true and that plaintiffs had no right, title, or interest in said real property, and entered its decree quieting defendant's title and granting defendant possession of said real property. The plaintiffs have appealed from said decree, and the only point made by them in their opening brief is that the court was without right or authority to award the defendant possession of said real property in the absence of any allegation or proof that the defendant had served upon plaintiffs a three days' notice

to quit and surrender possession of said real property as required by sections 1161, 1161a and 1162 of the Code of Civil Procedure. The defendant has moved to dismiss the appeal or affirm the judgment. The motion to affirm the judgment should be granted. █ The court found the defendant to be the owner of the property in controversy. It follows, therefore, as one of the incidents to ownership that defendant is entitled to the possession of said property. (*Keele* v. *Clouser*, 92 Cal. App. 526, 530 [268 Pac. 682].) The case is governed by section 380 of the Code of Civil Procedure. █ Sections 1161 et seq. of the Code of Civil Procedure have no application to actions brought to determine title to real property. They only apply to summary actions brought to recover possession.

█ The contention of plaintiffs that the court may not award to the defendant the possession of said real property in the absence of any allegation or proof that defendant has served upon plaintiffs a three days' notice to quit and surrender possession of said property as provided by sections 1161, 1161a and 1162 of the Code of Civil Procedure is based upon subdivision 3 of said section 1161a, enacted as a new section in 1929. By said subdivision 3, the summary proceeding for the recovery of real property provided in sections 1161 and 1162 of the Code of Civil Procedure is extended to the purchaser of real property at a sale thereof under a deed of trust for the purpose of enabling said purchaser to recover possession of said real property from a person who holds over or continues in possession after said sale. In order for such purchaser to avail himself of this summary remedy, he must serve on the person in possession a three days' written notice to quit. Prior to the enactment of this new section of the code, such a purchaser, in order to obtain possession of the property purchased as against a person holding over, was compelled to resort to one of the ordinary actions for the recovery of possession of real property, such as an action in ejectment or an action to quiet title. These actions were often long drawn out, and by such means the purchaser was often kept out of possession of his property an undue length of time. To remedy this defect in our procedure, section 1161a of the Code of Civil Procedure was undoubtedly enacted. It simply gave to the purchaser a remedy in addition to those already available to

him, by resorting to which he could probably acquire possession of the property in a much shorter space of time. This section does not purport to take away from the purchaser any of the remedies which were open to him at the time of the enactment of said section. These are still available to such purchaser, and if he wishes to pursue them rather than the summary remedy given to him by the new section he may do so without any reference to the new remedy, or without compliance with any of its terms or provisions. In the present action, the defendant set up its title to the real property involved in this action, and asked that its title be quieted. The court found that defendant's claim to said real property was superior to that of the plaintiffs', and it properly gave judgment in its favor, and awarded possession of the said property to the defendant. (*Kitts* v. *Austin*, 83 Cal. 167 [23 Pac. 290].)

The motion to dismiss the appeal is denied and the judgment is affirmed.

Seawell, J., Preston, J., Langdon, J., Shenk, J., Waste, C. J., and Thompson, J., concurred.