STATE OF NORTH CAROLINA, EX REL. J. W. KEEL, v. L. BRUCE WYNNE, CLERK SUPERIOR COURT, MARTIN COUNTY; L. BRUCE WYNNE, AND THE NATIONAL SURETY CORPORATION.

(Filed 23 September, 1936.)

**Bills and Notes C c—Subsequent endorser held liable on check obtained by original holder by fraud and endorsed by him by forging name of payee.**

The clerk of the Superior Court, in accordance with a court order, executed a check to the person named in the order, the check stating on its face that it was issued in compliance therewith. The brother of the payee of the check, by fraudulently representing himself to be the payee, obtained the check from the clerk, took the check to plaintiff and endorsed the check in plaintiff's presence by forging the name of his brother, whereupon plaintiff, in good faith, but without investigating the identity of the person representing himself to be the payee, endorsed the check by writing "O.K." and signing his name. Upon discovery of the fraud, the clerk stopped payment on the check, and the payee bank, which had cashed the check on the strength of plaintiff's endorsement, charged the check to plaintiff's account. *Held:* Plaintiff is not entitled to recover the amount of the check from the clerk individually or in his official capacity,

plaintiff's negligence in endorsing the check without attempting to ascertain the identity of the person representing himself to be the payee barring any right to recover, and the principle that where one of two persons must suffer loss, the loss must be borne by him who first reposes confidence in the wrongdoer being inapplicable. N. C. Code, 3003.

APPEAL by plaintiff from *Moore, Special Judge,* at April Term, 1936, of MARTIN. Affirmed.

Lee Johnson was a brother of Harold Johnson. There was in the hands of the defendant L. Bruce Wynne, clerk of the Superior Court of Martin County, the sum of $95.50 due Harold Johnson, under a court order.

In the agreed statement of facts are the following:

"That on the 10th day of December, 1934, L. Bruce Wynne, clerk of the Superior Court of Martin County, North Carolina, executed the following check in words and figures as follows, to wit:

" 'L. BRUCE WYNNE,                          No. 11
Clerk of the Superior Court
of Martin County.

" 'WILLIAMSTON, N. C., December 10, 1934.

" 'Pay to the order of HAROLD JOHNSON... ...... .. ....... ................ ..$95.50 Ninety-five and 50/100 Dollars.

" 'Court order received from M. L. Bunting to Branch Banking & Trust Company, Williamston, North Carolina.

L. BRUCE WYNNE, C. S. C.'

"That said check was delivered by L. Bruce Wynne, clerk of the Superior Court of Martin County, to Lee Johnson, who was a brother of the payee, Harold Johnson, and who represented himself to be Harold Johnson, and whom the clerk of the Superior Court, L. Bruce Wynne, assumed was Harold Johnson.

"That thereafter, on 11 December, 1934, Lee Johnson took the check to the office of J. W. Keel, the plaintiff, and represented himself to be Harold Johnson, payee in said check, and endorsed said check on the back of same, 'Mr. Harold Johnson,' in the presence of J. W. Keel, the plaintiff. Upon said representation and said endorsement, made by said Lee Johnson, Mr. J. W. Keel endorsed said check on the back of same, 'O.K., J. W. Keel.'

"Whereupon, the amount of $95.50 was paid upon said check to Lee Johnson by Planters National Bank and Trust Company of Rocky Mount.

"That later L. Bruce Wynne, clerk of the Superior Court of Martin County, upon ascertaining that Lee Johnson was not Harold Johnson, stopped payment upon said check at the Branch Banking & Trust Company in Williamston, North Carolina, drawee bank named in said check.

"That upon presentation of said check to the Branch Banking & Trust Company, Williamston, North Carolina, drawee bank in said check, to wit, $95.50, together with $1.50 protest fee, was charged by the Planters National Bank and Trust Company of Rocky Mount, to the account of J. W. Keel by reason of his endorsement of said check.

"The endorsement on said check, 'Mr. Harold Johnson,' put there by Lee Johnson in the presence of Mr. J. W. Keel, was a forgery.

"That Lee Johnson was an imposter and an impersonator and held himself out to L. Bruce Wynne, clerk of the Superior Court of Martin County, and to J. W. Keel, plaintiff, as Harold Johnson, payee in said check."

On the facts agreed, the court below rendered judgment as follows: "This cause coming on to be heard and being heard before his Honor, Clayton Moore, Special Judge, presiding at the April Term, 1936, Martin County Superior Court, and being heard upon an agreed statement of facts, which has been reduced to writing, and trial by jury being waived by all parties hereto, and the court being of the opinion that upon the agreed facts that the plaintiff is not entitled to recover: And now, therefore, upon motion of the counsel for the defendant, it is ordered and adjudged that the plaintiff take nothing by his action, and that the plaintiff pay the costs, to be taxed by the clerk of the Superior Court of Martin County. This 14 April, 1936. Clayton Moore, Special Judge, presiding."

To the signing of the judgment plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Chas. C. Pierce for plaintiff.*
*Elbert S. Peel, B. A. Critcher, and Hugh G. Horton for defendants.*

CLARKSON, J. The sole question presented on this appeal: Is the defendant liable to the plaintiff on check which was drawn payable to Harold Johnson, which was delivered by defendant to Lee Johnson, who impersonated Harold Johnson, Lee Johnson having forged the endorsement of Harold Johnson on check in the presence of plaintiff, and the plaintiff having endorsed said check by writing on same "O.K., J. W. Keel," and the check bearing on its face the language, "Court order received from M. L. Bunting to Branch Banking & Trust Company, Williamston, North Carolina"? We think not.

In *R. R. v. Kitchin,* 91 N. C., 39 (44), the following principle is laid down in this jurisdiction: "Where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence, or by his negligent conduct made it possible for the loss to occur, must bear the loss." *Bank v. Liles,* 197 N. C., 413. The plaintiff invokes the above rule in this action, but we do not think it applicable to the facts agreed upon in this case.

Lee Johnson was a brother of Harold Johnson, but impersonated his brother to obtain the check. The check was not made payable to Lee Johnson, but to Harold Johnson, and on the check was "Court order received from M. L. Bunting." To obtain the money on the check it was necessary that Harold Johnson endorse same. This he did not do. Lee Johnson represented himself to J. W. Keel, the plaintiff, to be Harold Johnson, and forged the name of Harold Johnson to the check in his presence—"Mr. Harold Johnson." J. W. Keel endorsed said check on the back, "O.K., J. W. Keel." The endorsement by J. W. Keel "O.K." identified the imposter and no doubt induced the bank to cash the check. Keel made no investigation, required no identification, asked no questions. On the check was "Court order received from M. L. Bunting." Keel made no inquiry as to this, but endorsed "O.K." on the back of the check.

Webster's New International Dictionary (2d Ed.) defines "O.K.": "Correct; all right; endorsed or put on documents, bills, etc., to indicate approval; colloquial exc. as use of the approval of documents, etc."

The plaintiff Keel endorsed the check "O.K.," viz.: "Correct, all right," without inquiry. We think that a reasonably prudent man, under the circumstances, should not have done so, and he must bear the loss. Under the facts and circumstances of this case, if plaintiff ever had any rights against defendant Wynne, the clerk, he is estopped to complain by his own negligence. *Tolman v. Am. Nat. Bk.,* 22 R. I., 462. N. C. Code of 1935 (Michie), sec. 3003.

The judgment below is

Affirmed.