[Civ. No. 12224.   Second Appellate District, Division Two.—November 13, 1939.]

ANSES JOSEPH, Appellant, v. JOHN RICHARD VOGT et al., Respondents.

Arthur J. Edwards and J. L. Smith for Appellant.

Sigurd E. Murphy and Bernard E. Allard for Respondents.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for the wrongful death of plaintiff's minor son plaintiff appeals. There is also a purported appeal from an order denying a motion for a new trial.

Viewing the evidence most favorable to defendants (respondents), the essential facts are:

December 28, 1937, at 5:33 P. M. defendant John Richard Vogt was driving his automobile in a northerly direction on Market Street in the city of Inglewood near where it intersects with La Brea Avenue. At the intersection he turned west on La Brea Avenue, traveling approximately 15 miles per hour. Said defendant looked to the right and saw plaintiff's son, riding his bicycle in a southerly direction on Market Street without headlights at approximately 18 miles per hour. Almost instantly he crashed into the right front fender of said defendant's car, receiving injuries from which he died.

The parties agreed that the sun set on December 28, 1937, at 4:52 P. M., and that defendants Edward Vogt and Mabel Lillian Vogt signed their son John Richard Vogt's application for a driver's license.

These are the questions to be determined:

*First: Was there substantial evidence to sustain the implied findings of the jury that (a) it was negligent for decedent to operate his bicycle after sunset without a light, contrary to sections 618 and 622 of the California Vehicle Code, and (b) such negligence was the sole proximate cause of the accident?*

*Second: Did the trial court abuse its discretion in denying plaintiff's motion for a new trial on the ground of newly discovered evidence?*

The first question must be answered in the affirmative. An examination of the record discloses there was substantial evi-

dence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the facts heretofore mentioned and the implied findings of the jury set forth above. For example, defendant John Richard Vogt testified when examined pursuant to the provisions of section 2055 of the Code of Civil Procedure to the facts set forth above.

There is no merit in plaintiff's contention that evidence given under section 2055 of the Code of Civil Procedure is not evidence in the case to be weighed by the trier of fact along with other properly received evidence. The law is established in California that testimony received pursuant to section 2055, Code of Civil Procedure, is evidence in the case and may be considered in determining the issues of fact by the trial jury the same as any other evidence properly received. (*Green* v. *Newmark,* 136 Cal. App. 32, 37 [28 Pac. (2d) 395]; *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540, 555 [299 Pac. 529]; *Figari* v. *Olcese,* 184 Cal. 775, 782 [195 Pac. 425, 15 A. L. R. 192].)

One operating a bicycle on a highway a half hour after sunset and before a half hour before sunrise is required to have such vehicle equipped with a lamp emitting a white light visible under normal atmospheric conditions from a distance of 300 feet in front of such bicycle (secs. 618 and 622, California Vehicle Code), and failure to conform to the foregoing requirement constitutes negligence *per se.* (*Fouch* v. *Werner,* 99 Cal. App. 557, 562 [279 Pac. 183].) In the instant case there is ample evidence that decedent was operating his bicycle between a half hour after sunset and before a half hour before sunrise without any light on his bicycle. It was therefore a question of fact for the determination of the jury from all of the evidence whether such negligence proximately contributed to the unfortunate accident, and its determination supported, as we have heretofore pointed out, by substantial evidence is conclusive in this court.

The second question must be answered in the negative. On the motion for a new trial affidavits were filed setting forth the purported testimony of Mrs. May Wyrick, which testimony would have been favorable to plaintiff. However, it likewise appears from the affidavits that this witness was known to George A. Joseph, one of the affiants, the day of the accident and that he worked with the plaintiff, his brother, the

day following the accident in making pictures of the scene where the accident occurred. The rule is settled in this state that, to justify the granting of a motion for a new trial on the ground of newly discovered evidence, the moving party must show that he has used due diligence to discover and produce the newly discovered evidence on the former trial. (*Putnam* v. *Pickwick Stages,* 98 Cal. App. 268, 274 [276 Pac. 1055].) There is thus a lack of a showing in the present case of a valid reason for the failure to produce the witness at the time of trial.

An order denying a motion for a new trial is nonappealable. (*Kellett* v. *Marvel,* 6 Cal. (2d) 464, 476 [58 Pac. (2d) 649].) The purported appeal from the order denying a motion for a new trial is dismissed.

For the foregoing reasons the judgment is affirmed.

Wood, Acting P. J., concurred.