[Civ. No. 12475.   Second Dist., Div. Two.—May 6, 1941.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. SOPHREAT L. GRAHAM et al., Appellants.

Edmond Gattone, Alberta Belford, John W. Preston and Alfred P. Peracca for Appellants.

Raymond E. Parr for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the balance due upon a note after sale of real property, pursuant to the power contained in a deed of trust, defendants appeal.

There is also a purported appeal from an order denying a motion for a new trial.

Viewing the evidence most favorably to plaintiff (respondent), the facts are:

February 2, 1932, defendants executed in favor of Western Mortgage Corporation a promissory note in the principal amount of $37,000 and also as security for the promissory note a deed of trust upon certain real property located in the city of Los Angeles. March 30, 1932, Western Mortgage Corporation indorsed and delivered the aforementioned promissory note and deed of trust to plaintiff pursuant to a trust agreement for first mortgage assignments between plaintiff and the Western Mortgage Corporation. The assignment of the promissory note and deed of trust to plaintiff was not placed of record nor did defendants know thereof until November 27, 1937.

Upon the deposit with plaintiff of the note and trust deed, Western Mortgage Corporation issued evidence of ownership of interests in said note and trust deed, which were called First Mortgage Assignments. These were sold to the public. The entire principal on the promissory note remained unpaid at the maturity date thereof, August 2, 1933. March 27, 1934, defendants entered into a release agreement with Western Mortgage Corporation, whereby defendants conveyed title to the property covered by the trust deed to a nominee of the Western Mortgage Corporation, in consideration of which the Western Mortgage Corporation released a second trust deed on the property and released defendants from any deficiency judgment that could arise by virtue of the promissory note above mentioned. November 27, 1937, plaintiff delivered to defendants a declaration of default and election to cause a sale to be made pursuant to the provisions of the trust deed. April 15, 1938, a sale of the property covered by the trust deed was made and July 13, 1938, the present action was instituted for a deficiency judgment.

Defendants urge for reversal of the judgment the following propositions:

*First: The promissory note which is the basis of the present action was transferred to plaintiff by a restrictive indorsement and, therefore, the release of March 27, 1934, by Western Mortgage Corporation of defendants from any deficiency judgment was a valid defense to the present action.*

*Second: The trial court improperly denied defendants' motion for a new trial on the ground of newly discovered evidence.*

662

■ Defendants' first proposition will not be considered by us for the reason that the law is established in this state that an appellate court will not consider a theory of a case different from that urged in the trial court and which is pre-sented for the first time on appeal (*Isenberg* v. *Sherman*, 212 Cal. 454, 508 [298 Pac. 1004] ; *Merrill* v. *Kohlberg*, 29 Cal. App. 382, 386 [155 Pac. 824] ; *National Union Fire Ins. Co.* v. *Nason*, 21 Cal. App. 297, 299 [131 Pac. 755] ; *Boot* v. *Boyd*, 37 Cal. App. 545, 555 [174 Pac. 352] ; *Estate of Meyer*, 11 Cal. App. (2d) 409, 414 [53 Pac. (2d) 984]).

Applying the foregoing rule to the facts of the present case, it appears that the defense that the indorsement was restric-tive was not raised in the trial court. This is conceded in de-fendants' opening brief, where it is stated at page 7 :

"The writers of this brief were not the attorneys in the case at the time of trial, but it appears from the pleadings, from a record of the proceedings had, and from the findings and judgment of the trial court that the trial was had upon the theory that plaintiff was a holder in due course for value of the $37,000 note and upon this theory the trial court ap-parently based its findings and judgment."

From the foregoing it is apparent that the theory of de-fense which defendants now urge is being here presented for the first time.

In *Coral Gables* v. *Jones*, 323 Pa. 425 [187 Atl. 434], the Supreme Court of Pennsylvania in passing upon this identical point thus states the rule through Mr. Justice Schaffer at page 429 :

"It is urged upon us that the indorsement upon the note was restrictive under the terms of the Negotiable Instrument Law (the Florida statute is similar to ours) because the in-dorsement was in fact to a trustee. The question of restric-tive indorsement was not raised in the court below. This being so, it cannot be availed of before us. *Maguire* v. *Wheeler*, 317 Pa. 193, 176 A. 441; *Brown* v. *Castle Shan-non Borough*, 318 Pa. 363, 178 A. 678; *Gordon* v. *Hartford Sterling Co.*, 319 Pa. 174, 179 A. 734; *Fleming* v. *Adamson*, 321 Pa. 28, 182 A. 518."

■ Defendants' second proposition is without merit. At the trial the trust agreement between plaintiff and the West-ern Mortgage Corporation was not introduced in evidence. Defendants urged that their motion for a new trial should

be granted on the ground of newly discovered evidence, it being alleged that the newly discovered evidence was the trust agreement just mentioned. The record discloses that at the trial counsel for defendants stated that it was material to know the terms of the trust agreement between plaintiff and the Western Mortgage Corporation, whereupon plaintiff's counsel stated to defendants that he had in his possession a copy of such trust agreement and that it was agreeable to him to have the copy received in evidence. Defendants' counsel did not take advantage of this offer. Hence, it is obvious that the evidence which is now urged as newly discovered evidence was not such in fact and the trial court properly denied the motion for a new trial on this ground (*Chronister* v. *Brennan*, 27 Cal. App. (2d) 509, 512 [81 Pac. (2d) 479]).

An order denying a motion for a new trial is non-appealable (*Joseph* v. *Vogt*, 35 Cal. App. (2d) 439, 442 [95 Pac. (2d) 947]). The purported appeal from the order denying the motion for a new trial is dismissed.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied May 29, 1941, and appellants' petition for a hearing by the Supreme Court was denied June 30, 1941.