[Civ. No. 14891. Second Dist., Div. Two. Nov. 5, 1945.]

HAROLD M. GRIMES, as Administrator, etc., Respondent, v. H. M. NICHOLSON, Appellant.

Richard A. Haley for Appellant.

Forgy, Reinhaus & Forgy for Respondent.

WILSON, J.—Appeal from a judgment in favor of plaintiff in an action based on an oral contract entered into on or about June 1, 1943, whereby respondent agreed to furnish to appellant equipment and labor for the performance of work in installing electric wiring and other equipment on jobs as directed by appellant. The complaint alleges that defendant agreed to pay ''the cost of the work done and the reasonable rental value of the equipment, plus five per cent of the sum of said costs and reasonable value of rentals for plaintiff's equipment as profit, plus an additional ten per cent of the cost of said work and labor done and reasonable value of equipment, for overhead expenses, with the further agreement that at all times during the continuance of said contract the percentage for profit and overhead would amount to $500.00 per month.'' The answer admitted a contract whereby respondent would furnish to appellant equipment and labor for doing work on jobs as directed by appellant, and according to plans and specifications and usage and custom of electrical contractors generally (an allegation not contained in the complaint); denied that appellant agreed that the profit and overhead would amount to the minimum sum alleged in the complaint; and alleged that there was a cost-plus contract based upon the general usage and custom of the trade. There was no other denial of respondent's allegation as to the terms of the contract. In his cross-complaint appellant alleged a contract whereby respondent agreed to accept for his services the cost of the work done plus five per cent of said cost as profit, plus an additional ten per cent as overhead. Respondent denied this allegation.

Upon the issues thus made by the pleadings the trial court made a finding of fact that the agreement was in the terms alleged in the complaint. Appellant attacks the finding as not being sustained by the evidence, and further asserts that such a contract, if entered into, was illegal and void for the reason that it was in violation of the regulations of the Office of Price Administration.

█ 1. _Sufficiency of the evidence._ The finding of fact that the contract entered into by the parties provided that the overhead and profit should be not less than $500 per month is sustained by the evidence. Referring to the provision in the contract for a minimum charge for overhead and profit, plaintiff testified: ''Q. It was mentioned in the first conversation? A. Yes; I told him we wanted a minimum

of $500.00 per month for equipment and organization. Q. What did he say to that? A. He was agreeable. He did not say yes or no, but he said, 'O.K. we will go to work.' That was on the first day. . . . Q. Did you have any conversation in which five and ten were mentioned? A. Yes; I told him since we had so many jobs, and we knew the first job would run the minimum, and I said, 'We will bill you on the basis of 10-5 cost plus until we get through with the job, and we will make a final accounting settlement on the basis of $500.00 a month.' Q. What did he say? A. 'O.K.' ''

Respondent's superintendent related a conversation with appellant as follows: ''Q. Was there anything said about minimum? A. Very definitely about minimum. Q. What was said? A. $500.00 a month. Q. Who said that? A. Mr. Grimes said—it was Mr. Nicholson first. Q. What did Mr. Nicholson say? A. The thing I recall that Mr. Nicholson said was, when he wrote the purchase order for the first job, he called his bookkeeper into the office and told him that it would be on a cost plus basis, and that Mr. Grimes felt that it should be $500.00 minimum charge for equipment and services of Grimes Electric for the 'shop,' as he called it.''

Respondent's statement of the terms upon which he would perform the work, followed by appellant's answer ''O.K.'' and ''O.K. we will go to work,'' constituted a valid and binding contract between the parties whereby appellant agreed to the conditions as stated by respondent. ''O.K.'' means ''correct,'' ''all right,'' and indicates approval. (*Muegler* v. *Crosthwait*, —— Mo.App. —— [179 S.W.2d 761, 763]; *Keel* v. *Wynne*, 210 N.C. 426 [187 S.E. 571, 572]; *International Filter Co.* v. *Conroe etc. Co.*, (Tex. Civ. App.) 269 S.W. 210, 214; *Wright* v. *Matters*, 204 Ill.App. 398; *Rosser* v. *Cole*, (Tex. Civ. App.) 226 S.W. 510, 511; *Board of Com'rs.* v. *Hider*, 47 Colo. 443 [107 P. 1068, 1069]; *Indianapolis etc. Co.* v. *Sands*, 133 Ind. 433 [32 N.E. 722, 724].)

By the various purchase orders issued by appellant to respondent the performance of work on each of the several jobs was ordered on a cost-plus basis, no reference having been made to a minimum monthly profit and overhead. Appellant contends that the purchase orders constituted a contract in writing between the parties, and that the evidence concerning a minimum amount for overhead and profit was

inadmissible in that it was an attempt to vary the terms of a written contract by oral evidence. This contention is without merit. The contract was oral and was entered into prior to the issuance of any of the purchase orders. The latter were merely directives from appellant to respondent stating the places and character of the work to be performed under the contract previously made. Furthermore, the oral testimony was admitted subject to a motion to strike and such motion was not made.

2. *Validity of the contract.* Appellant's contention that the contract is in violation of the regulations of the Office of Price Administration by reason of the fact that it provided for charges for the use of respondent's equipment not allowed by said regulations, is not sustained by the record. It is presumed "That private transactions have been fair and regular" and "that the law has been obeyed." (Code Civ. Proc., § 1963, subds. 19 and 33.) The contract is valid on its face. If facts existed that tended to prove its invalidity and to overcome the presumption the burden rested on appellant to prove such facts. He failed to do so.

The case was tried on the theory that certain regulations of the Office of Price Administration controlled the contract and the work performed thereunder, and said regulations were presented to and considered by the trial court. It now appears, and appellant concedes in his brief, that the same were not applicable to work of the character of that which was performed for appellant by respondent. Appellant, in his closing brief, has presented other regulations to this court and asks us to find that the work was controlled thereby and to reverse the judgment upon appellant's claim that the same were not complied with by respondent.

The theory adopted by counsel for appellant and respondent at the trial charts the course of the case in this court. Such regulations, if any, as were applicable to the contract here under consideration and to the work performed by respondent, were public documents and were available and could have been drawn to the attention of the trial judge. We refuse to embark upon an investigation of regulations that have been discovered by appellant since the rendition of the judgment, even though they, like statutes, are within the judicial knowledge of this court, and by the same token were before the trial court. Where a contract is claimed

to be invalid under the preemption laws of the United States, of which the court is bound to have knowledge, if the question was not raised in the trial court, the point is not available on appeal. (*King* v. *Meyer*, 35 Cal. 646, 649.) ▮ The law is well settled in this state that "an appellate court will not consider a theory of a case different from that urged in the trial court and which is presented for the first time on appeal." (*Title Insurance & Trust Co.* v. *Graham*, 44 Cal.App.2d 660, 662 [112 P.2d 935].) ▮ When a cause is tried and evidence introduced on the theory that a material issue has been raised by the pleadings and the court renders judgment on that theory, the parties will not be allowed to say for the first time on appeal that there was no such issue. (*Schroeder* v. *Mauzy*, 16 Cal.App. 443, 447 [118 P. 459]; *Sprigg* v. *Barber*, 122 Cal. 573, 579 [55 P. 419]; *Illinois T. & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 297 [47 P. 60]; *National Union Fire Ins. Co.* v. *Nason*, 21 Cal.App. 297, 299 [131 P. 755].) If a case is tried, submitted, and decided on a certain theory, a party will not be permitted to raise for the first time on appeal an objection that could have been obviated if it had been made in the court below. (*Milwaukee Mechanics' Ins. Co.* v. *Warren*, 150 Cal. 346, 353 [89 P. 93].) ▮ Errors not taken advantage of at the trial cannot be raised in the appellate court. (*Morgan* v. *Hugg*, 5 Cal. 409, 410.)

▮ It is obvious that if the regulations now asserted to be controlling had been presented at the trial, respondent would have been accorded the privilege of offering evidence to show, if he so claimed, that the same were not pertinent to the case. Appellant relied at the trial on the regulations there presented, and, albeit unwittingly and unintentionally, led the court and respondent to believe that he depended solely thereon. The court rendered its judgment upon the record before it. Appellant cannot now insist that this court consider regulations proffered for the first time in his closing brief. The presumption of fairness, regularity, and legality of the contract has not been controverted. Appellant, having failed to present any evidence showing a violation of the regulations, cannot now advance the claim of illegality of the contract. (*H. Daroff & Sons, Inc.* v. *Vitullo*, 350 Pa. 501 [39 A.2d 595, 599].)

Appellant attempted to appeal from the order denying a new trial. Such an order is not appealable. (*Kellett* v. *Marvel*,

6 Cal.2d 464, 476 [58 P.2d 649]; *Joseph* v. *Vogt,* 35 Cal. App.2d 439, 442 [95 P.2d 947].)

The judgment is affirmed. The purported appeal from the order denying a new trial is dismissed.

Moore, P. J., and Fox, J. pro tem., concurred.

A petition for a rehearing was denied November 27, 1945.