[Civ. No. 16846. Second Dist., Div. Two. May 4, 1949.]

HENRY D. LEVITT, Respondent, v. GLEN L. CLARK & COMPANY (a Corporation), Appellant.

Roland G. Swaffield for Appellant.

Russell H. Pray and Eric A. Rose for Respondent.

MOORE, P. J.—From a judgment against the corporate defendant only it has appealed on the ground that the contract of the parties violated master price regulation No. 445, promulgated pursuant to the federal Emergency Price Control Act of 1942 [56 Stats. 23, 50 U.S.C.A.App. § 901 et seq.]

In January, 1945, respondent agreed to procure for appellant the right to purchase specific brands of whisky from agents of a Canadian distillery for which service respondent was to receive a commission of 50 cents for each case of such liquor thereafter delivered to appellant.

Subsequently, appellant paid respondent 50 cents per case for certain brands of whisky purchased from and delivered to it by such agents. But a dispute arose over respondent's claim of $3,500 as commission on 7,000 other cases of whisky purchased by appellant from such agents. The court found that respondent was entitled to commissions on 3,500 such cases and that appellant became indebted to respondent in the sum of $1,750 on or about November 1, 1946. It is now contended that by reason of the violation of regulation No. 445 appellant's contract was contrary to public policy, consequently invalid and therefore cannot support the judgment.

Such defense was not raised by the pleadings, was not supported by any evidence, and was not the subject of findings. ■ In the absence of appropriate affirmative allegations of the nullity of a contract it is incumbent upon him who maintains its invalidity to allege facts constituting such condition, and if its terms do not disclose such character he must negative the existence of any circumstances whereby it could be held valid. (*Bernard* v. *Sloan,* 2 Cal.App. 737, 748 [84 P. 232]; *Gelb* v. *Benjamin,* 78 Cal.App.2d 881, 884 [178 P.2d 476].) ■ When the invalidity of a contract has not been raised in the trial court it will not be considered on appeal. (*King* v. *Meyer,* 35 Cal. 646, 649; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 542 [162 P.2d 934]; *Title Insurance & Trust Co.* v. *Graham,* 44 Cal.App.2d 660, 662 [112 P.2d 935]; *Heesy* v. *Vaughn,* 31 Cal.2d 701, 710 [192 P.2d 753].) Inasmuch as appellant did not plead the nullity of the commission agreement or the subsistence of the federal statute and the regulatory order, or otherwise present that issue to the court below, by virtue of the cited authorities this court is without authority to consider it now.

■ Furthermore, not only did appellant fail to plead the invalidity of the contract, but also, it did not reckon with the presumptions favorable thereto. Private transactions are presumed to have been fair, regular and legal. (Code Civ. Proc., § 1963, subds. 19, 33; 6 Cal.Jur. 487.)

While it is true that a contract clearly illegal on its face affords cause for declaring its nullity at any stage of the trial or on appeal, yet such power is denied to all courts when the facts alleged in the complaint do not disclose such infirmity. In the latter event it is incumbent upon the defendant not only to allege the illegality but to negative the existence of every fact by whose presence the contract would be valid.

(*Heesy* v. *Vaughn,* 31 Cal.2d 701, 710 [192 P.2d 753] ; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 542 [162 P.2d 934].)

The authorities cited by appellant (*Lovett* v. *Bell,* 30 Cal.2d 8 [180 P.2d 335], and *Pearson* v. *Hill,* 86 Cal.App.2d 664 [195 P.2d 45]) do not support appellant's thesis. In the Hill case the contract disclosed "on its face an attempted price evasion of the price control regulations" and the evidence amply proved that Hill intentionally charged plaintiff prices in excess of those prescribed by the maximum price regulation. The Bell case holds nothing pertinent to this discussion other than that the Emergency Price Control Act of 1942 and the regulations thereunder are within their scope the supreme law of the land.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.