[Civ. No. 20884.   Second Dist., Div. Two.   Oct. 21, 1955.]

FRIEDA PHILLIPS, Respondent, v. DAVID WILSON KERR et al., Defendants; EVERETT WOODY et al., Appellants.

John S. Bolton and Robert E. Dunne for Appellants.

William A. Reppy and F. Giles Tiffany for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for negligence, resulting from an automobile accident, defendants appeal.[1]

*Facts:*[2] On May 11, 1952, about 2 o'clock, a. m. plaintiff was riding as a guest in a car being driven in an easterly direction by Mr. Revelez from Santa Paula to Fillmore, California. The automobile in which plaintiff was riding came around a turn on state highway Number 126 at a high rate of speed, approaching a bridge over Sespe Creek, 1½ miles west of Fillmore. Shortly prior to this time defendant White, driving in a westerly direction a tractor and semi-trailer owned by defendants Woody and Del Vecchio, approached the easterly end of the bridge which was signposted "One Way for Trucks and Buses." He observed an automobile operated by Mr. Kerr driving in an easterly direction toward the west end of the bridge. Mr. Kerr brought his automobile to a stop approximately 10 to 15 feet from the westerly end of the bridge at which time defendant White, who had slowed his truck to 5 miles per hour and changed his headlights from high beam to low beam, started to drive across the bridge. When about in the middle of the bridge, defendant White observed the Revelez car coming around the curve at a high rate of speed, approximately 200 yards west of the bridge. The car continued toward the bridge, running into the rear end of the Kerr automobile, driving it against the guard rail, as a result of which plaintiff received personal injuries.

When the Kerr and Revelez automobiles collided, defendant White stopped his truck on the bridge approximately 100 feet from the westerly end thereof, at which time his truck and trailer were over the center line of the bridge. The jury returned a verdict in favor of plaintiff against defendants White, Woody and Del Vecchio in the sum of $12,500.

---

[1]There is also a purported appeal from the order denying defendants' motion for a new trial.

[2]The evidence is viewed in the light most favorable to plaintiff (respondent) pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal. App.2d 214, 216 [2] [146 P.2d 424].

Question: *Viewing the evidence as we must in the light most favorable to the plaintiff, pursuant to the rule set forth in Crawford v. Southern Pac. Co., 3 Cal.2d 427, 429 [1] [45 P.2d 183], was there any substantial evidence to sustain the jury's implied finding of fact that defendant White in the operation of his truck and semi-trailer committed a negligent act which was a proximate cause of the accident which resulted in injury to plaintiff?*

*No.* An examination of the record fails to disclose any act of negligence committed by defendant White or his codefendants which in any way contributed to the unfortunate accident.

Plaintiff contends (1) that by driving over the center line of the highway on the bridge defendant White was negligent, and (2) that the lights on his car blinded Mr. Revelez, hence that one or the other act was a proximate cause of the accident.

■ The first contention is devoid of merit because the bridge was signposted "One Way for Trucks" and section 525 of the Vehicle Code reads in part: "Drive on Right Hand Side of Roadway—Exceptions. (a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: . . . (4) Upon a roadway designated and signposted for one-way traffic. . . ." Thus it is apparent that Mr. White did not violate the law but was lawfully driving over the center line while on the bridge. In addition, it is obvious that there was absolutely no causal connection between the truck being driven over the center line and the accident.

■ The second contention is likewise unsound for the reason that the uncontradicted evidence disclosed that the headlights on defendant White's truck were on low beam and there is not a scintilla of evidence that the lights on his truck while on either high or low beam did not meet all legal requirements. Thus there is no showing of a violation of law by defendant White or his codefendants which as a matter of law would constitute negligence.

*Scaletta v. Silva,* 52 Cal.App.2d 730 [126 P.2d 898], relied on by plaintiff, is not here in point for in the cited case the evidence disclosed that the accident was proximately caused by defendant's driving on the wrong side of the highway and failing to dim his lights after repeated signalling to do so by the driver of the other automobile. In the present case there is a total absence of any such evidence. In fact, the undisputed evidence is to the contrary.

An order denying a motion for a new trial is nonappealable. (*Title Ins. & Trust Co.* v. *Graham,* 44 Cal.App.2d 660, 663 [112 P.2d 935]. See cases cited in 5 West's Cal. Dig. (1951), Appeal and Error, § 110, p. 134.)

The purported appeal from the order denying the motion for a new trial is dismissed.

The judgment is reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 8, 1955, and respondent's petition for a hearing by the Supreme Court was denied December 19, 1955. Bray, J. pro tem., participated therein in place of Edmonds, J. Gibson, C. J., Shenk, J., and Carter, J., were of the opinion that the petition should be granted.