[Civ. No. 24473. Second Dist., Div. Two. July 28, 1960.]

C. SAMUEL JOHNSON, Respondent, v. EMMA L. HAPKE, Appellant.

*Assigned by Chairman of Judicial Council.

Benjamin F. Kosdon for Appellant.

William T. Selby and Glenn C. Garman for Respondent.

KINCAID, J. pro tem.*—Appeal is taken from a judgment in an unlawful detainer action, filed pursuant to section 1161a, subdivision 4, Code of Civil Procedure, finding plaintiff is the owner and entitled to possession of certain real property located in the city of Ventura, California.

The evidence discloses that in August of 1958, C. Samuel Johnson, plaintiff herein, loaned defendant and her husband, Raymond Hapke, the sum of $10,000. This loan was evidenced by a promissory note payable in monthly installments. The note was secured by a deed of trust covering the real property which is the subject of this action. This deed of trust was subordinate to a deed of trust on the same property securing

---

*Assigned by Chairman of Judicial Council.

an obligation of defendant and her husband to a corporate lender. The note secured by the first deed of trust was in the approximate sum of $25,000 at that time.

In December of 1958, Raymond informed plaintiff that he and defendant could only repay the loan to plaintiff by transferring title to the real property to him. At the time of this conversation one installment on the note secured by the second deed of trust was in arrears. Plaintiff was requested by Raymond to accept a deed to the property and assume payment of the obligation secured by the first deed of trust and reconvey the second deed of trust and cancel the note secured thereby. At this time there were two payments on the first deed of trust note in arrears, totaling the sum of $380, and there were property taxes due in the sum of $331.91.

An escrow was opened to effect the transfer above described. Instructions were signed and a grant deed was duly executed by Raymond and defendant and deposited therein. At close of escrow the deed was recorded and returned to plaintiff. Plaintiff assumed the obligation of the note and first deed of trust, reconveyed the second deed of trust and cancelled the $10,000 note secured thereby. Plaintiff paid the delinquent payments on the note secured by the first deed of trust and the real property taxes that were due. The escrow instructions included the following clause: ''Sellers herein agree to vacate the property as soon as possible, by January 1, 1959, if it is possible.''

On January 2, 1959, a three-day notice to quit the premises was personally served on defendant and thereafter this action was commenced. Raymond was not at this time occupying the premises and was not therefore named as a defendant in this case.

On January 6, 1959, plaintiff filed a complaint in unlawful detainer alleging that since December 11, 1958, he was the owner and entitled to the possession of the described real property. Following the sustaining of defendant's demurrer a first amended complaint was filed alleging that on or about December 11, 1958, said real property was duly sold by defendant to plaintiff and title in plaintiff has been duly perfected; that plaintiff is and has been since said date the owner and since January 1, 1959, been entitled to its possession. Service on January 2, 1959, of the three-day notice to surrender possession of the premises was alleged and that defendant remains in possession following expiration of such three-day period and possession and damages by way of rent was demanded.

On February 10, writ of possession was issued by the court and defendant vacated the premises on February 16, 1959. This matter thereafter came on for trial and judgment for plaintiff resulted.

The principal grounds relied upon by defendant on this appeal are: (1) failure of the first amended complaint to state a proper cause of action; (2) the property was not "duly sold" as provided for in the said section 1161a, subdivision 4, Code of Civil Procedure; and (3) there was no adequate consideration for the grant deed executed by defendant and her husband to plaintiff.

As to the first ground it seems to be defendant's contention that in order to state a cause of action herein it was incumbent upon plaintiff to plead facts showing that it was possible for defendant to vacate the premises by January 1, 1959. It is clear, however, that in order to state a valid cause of action sufficient to entitle plaintiff to offer his evidence pursuant to said section 1161a, subdivision 4, it was only necessary to allege that the real property herein involved had been duly sold to plaintiff and that title under the sale had been duly perfected; that plaintiff was entitled to possession; a three-day written notice to quit the premises was personally served on defendant and the latter held over and continued in possession after the three-day notice had been served. The first amended complaint contains these essential allegations.

The agreement of defendant to vacate the premises by January 1, "if it is possible" conditioned her performance upon an event which was within her own control. There was a collateral duty upon her to bring about the happening of the event of vacating the premises within a reasonable time. The burden was upon defendant to show any reason as to why it was impossible to vacate on or before the agreed date.

A person cannot avoid liability for the nonperformance of an obligation by placing such performance beyond his control by his own voluntary act. (*Pacific Venture Corporation* v. *Huey*, 15 Cal.2d 711, 717 [104 P.2d 641].) Where ownership of the real property is in plaintiff, it follows as one of the incidents to such ownership that plaintiff is entitled to the possession of said property. (*Duckett* v. *Adolph Wexler Bldg. & Finance Corp.*, 2 Cal.2d 263, 265 [40 P.2d 506].) The evidence herein is amply sufficient to support the finding that it was possible for the defendant to vacate the premises in question on or before January 1, 1959.

Defendant secondly argues that the real property

here involved was never duly sold by her and her husband within the purview of section 1161a, subdivision 4, Code of Civil Procedure, so as to entitle plaintiff to recover its possession. The evidence is undisputed however that, at the request of the coowner husband of defendant, joined in by defendant as evidenced by her active participation, both executed the escrow instructions and grant deed conveying title to plaintiff. The finding that no material misrepresentations were made by plaintiff to the defendant concerning the escrow instructions, the reconveyance of the second trust deed, the grant deed or the general agreement of the parties is fully substantiated by the evidence. Through these transactions the property was duly sold to plaintiff and he became the legal owner entitled to recover possession thereof pursuant to the said unlawful detainer code provision.

■ There was adequate consideration for the grant deed in question. Transfers of title to a beneficiary or mortgagee of real property encumbered by a trust deed on a mortgage for the purpose of avoiding foreclosure proceedings and deficiency judgments are common occurrences. Transfers in such circumstances have repeatedly been held valid where the transactions were fair, honest, free from improper influence and based upon adequate consideration. (*Hamud* v. *Hawthorne,* 52 Cal.2d 78, 83 [338 P.2d 387] ; *Bastajian* v. *Brown,* 57 Cal. App.2d 910, 915 [135 P.2d 374, 137 P.2d 475].)

The consideration given by plaintiff is adequate in that he redelivered and cancelled the promissory note of defendant and her husband in the sum of $10,000 and made reconveyance of the second trust deed; he assumed the note, secured by first trust deed, in the amount of $25,000; he assumed delinquent installments of $380 on the first trust deed note, taxes of $331.91 and a defaulted installment and all accrued interest on the second trust deed note.

■ An additional ground for reversal was raised by defendant, for the first time in the case, during oral argument on the appeal to this court. Defendant now argues that no cause of action is stated against her in the first amended complaint in that this pleading shows that the notice in writing to her to surrender possession of the premises was prematurely given. She points out that by provisions of the escrow agreement she had contracted to vacate the involved premises "by January 1, 1959, if it is possible" and that, as January 1 was a state holiday (Gov. Code, §§ 6700, 6706), she had at least all of January 2, 1959, this being the next business day following

such holiday, in which to perform her agreed act to surrender possession of the premises. She therefore contends that the three-day notice to her to surrender the premises could not legally have been made until January 3, 1959, and that service thereof on January 2 was premature. She relies upon the following cases in support of her position. (*French* v. *Smith Booth Usher Co.*, 56 Cal.App.2d 23, 26-27 [131 P.2d 863]; *Stoltenberg* v. *Harveston,* 1 Cal.2d 264, 267-268 [34 P.2d 472]; *Alford* v. *Industrial Accident Com.,* 28 Cal.2d 198, 200 [169 P.2d 641].)

This may well have been a meritorious ground of defense had it been timely presented in the trial court. ▄▄▄ The rule is well established, however, that issues, questions and defenses not raised in the pleadings or presented to the trial court are considered waived and will not be considered by the reviewing court. (*Estate of Cunningham,* 148 Cal.App.2d 8, 13 [305 P.2d 920]; *Farthing* v. *San Mateo Clinic,* 143 Cal.App.2d 385, 394 [299 P.2d 977].) This rule has been held to apply to objections to the constitutionality of code sections (*Jenner* v. *City Council,* 164 Cal.App.2d 490, 498 [331 P.2d 176]; *Richfield Oil Corp.* v. *Franchise Tax Board,* 169 Cal.App.2d 331, 338-339 [337 P.2d 237]); claimed invalidity of a contract (*Levitt* v. *Glen L. Clark & Co.,* 91 Cal.App.2d 662, 663 [205 P.2d 747]); statute of limitations (*Coruccini* v. *Lambert,* 113 Cal.App.2d 486, 491-492 [248 P.2d 457]), and res judicata (*Ogier* v. *Pacific Oil & Gas Development Corp.,* 135 Cal.App. 2d 776, 781 [288 P.2d 101]).

▄▄▄ Additionally, assuming for purposes of this discussion that any prematurity in the service of the surrender notice as shown by the amended complaint resulted in a failure to properly state a cause of action, any such failure is not fatal to the judgment unless it can be shown that the error has resulted in a miscarriage of justice. (*Steffen* v. *Refrigeration Discount Corp.,* 91 Cal.App.2d 494, 500 [205 P.2d 727].)

▄▄▄ "Where the parties at the trial treat a certain issue as being involved, and the judgment is based on that issue, it is not a prejudicial error that the complaint defectively alleges, or fails to allege at all, that issue." (*Ades* v. *Brush,* 66 Cal. App.2d 436, 444 [152 P.2d 519].)

▄▄▄ The evidence herein fails to disclose that defendant suffered any real injury because of the one day prematurity of the notice to quit the premises. She remained in possession about 44 days after January 3, 1959. As suit was begun herein on January 6, had the plaintiff received timely notice of the

claimed prematurity another notice to quit could have been served with a new complaint filed prior to the date of vacation of the premises by defendant. ██ As said by our Supreme Court in *Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [191 P.2d 432] : ''The burden is on the appellant in every case affirmatively to show error and to show further that the error is prejudicial; likewise, the presumptions declared in sections 1962 and 1963 of the Code of Civil Procedure must be indulged in favor of sustaining a judgment. To presume in favor of error or prejudice would be directly contrary to the policy of this state as declared in section 4½ of article VI of the Constitution and to the admonitions of section 475 of the Code of Civil Procedure. It follows, therefore, that, regardless of the state of the record, attacks on a judgment based on technical defects in pleadings or procedure are not favored by reviewing courts, and it is in the light of our constitutionally declared policy and the statutory admonitions that we must examine the record to ascertain whether defendant has sustained the appellant's burden of establishing error and prejudice.''

We have considered other points and objections made by appellant and consider them as being either covered herein or without merit.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.