[Civ. No. 8014. Second Appellate District, Division Two.—December 22, 1933.]

CALVIN C. GREEN, Appellant, v. M. N. NEWMARK et al., Respondents.

Newby & Newby and Dee Holder for Appellant.

Walter F. Haas, H. C. Johnston and Gerald E. Kerrin for Respondents.

ARCHBALD, J., *pro tem.*—On December 28, 1920, plaintiff loaned his close friend, defendant M. N. Newmark, the sum of $2,500. In addition, and in order to stay execution on a judgment rendered against said defendant, plaintiff became surety on a stay bond. Such judgment was 'appealed by Newmark and was affirmed. Demand was made on plaintiff by the judgment creditor to pay said judgment, with interest and costs, in accordance with the terms of the bond executed by him. At the time, Newmark was unable to pay said judgment, but he and his wife, the defendant Jessie F. Newmark, were beneficiaries under a trust of which the Title Insurance & Trust Company was trustee, a part of the *corpus* of said trust being 87½ shares of the capital stock of the Standard Woodenware Company and a promissory note for $1500 secured by a mortgage of real estate. It was agreed in writing dated May 1, 1922, between plaintiff and defendants, that plaintiff would accept from said trustees said shares of stock and promissory note in satisfaction of defendant M. N. Newmark's liability by reason of the payment of said judgment by plaintiff and in satisfaction of the loan of $2,500 theretofore made. It was further agreed that if plaintiff "shall pay said judgment and satisfy the same of record, and should receive from the said trustee the aforesaid personal property in settlement therefor, that they and each of them will save the said Calvin Green harmless from all loss by reason of the accepting of said personal property in satisfaction of the aforesaid claim and judgment; and in the event the said Calvin Green is unable to sell the said personal property on or before two years from the date hereof, for a sufficient sum to repay to him the amount of his said claim of $2,500 and the amount expended in satisfaction of said judgment, together with interest thereon at the rate of seven per cent per annum, and any reasonable attorney's fees paid out and expended, and all other reasonable costs and disbursements expended by the said Calvin Green in and about the settlement of the aforesaid matter, and the sale and disposition of the said personal property received by him from said trustee as aforesaid, and all other reasonable expenses, that they will, upon demand, pay to the said Calvin Green

such losses as he may have suffered by reason of the transaction hereinabove set forth''.

According to his complaint, plaintiff paid said judgment and satisfied same of record, and accepted said stock and promissory note ''in satisfaction of said claim and judgment and costs''. The stock was sold by plaintiff September 4, 1929, for $1700, and this action was brought to recover the amount alleged to have been lost by reason of the acceptance of the stock and note in satisfaction of said claim and judgment. From the judgment rendered against him plaintiff has appealed.

The evidence shows that the stock in question paid dividends on its par value of $100 per share at the rate of six per cent per annum for two and one-half years, amounting to $1312.50, and that then the dividends stopped. It also appears that the stock was not listed on the market, that it was owned largely by the Newmark family and relatives and that some of it had been purchased by one of them at par some time before the transfer to plaintiff.

It is appellant's contention that the writing above quoted from contains two covenants, one a general agreement to save harmless, with no limitation of time within which such stock is to be sold and the loss ascertained, and the second contingent on ascertaining the loss by sale of the stock on or before two years from the date of the contract. The first count of the complaint is based on said supposed general covenant, and the second on the one which specifies the items of loss for which defendants are liable and contingent on the sale of said stock within two years. The stock was not sold within that time, and the complaint seeks to avoid such limitation of liability by the allegation that plaintiff refrained from making such sale at the request of defendants. The loss claimed in the second cause of action is increased by a reasonable attorney's fee of $1,000, claimed therein. The third cause of action is based on *assumpsit*.

The findings of the trial court indicate that it was of the opinion that but one covenant was expressed by the contract, dependent upon the sale of the stock within two years. In our opinion such conclusion is correct. It was undoubtedly the purpose of the indemnitors to save appellant harmless in every way, but we fail to see from an examination of the contract—rather inartificially drawn—

any intention to separate such liability from a fairly prompt sale of the stock. The evidence shows that an option . to repurchase the stock within two years for the sum of $8,275 was given by appellant to the trustee for respondents. Such option did not prevent a sale by appellant within such time, however, as a proviso thereof gave him the right to sell at a price satisfactory to him within forty-eight hours after notifying respondents of his intention to sell and their failure to purchase for such price within that time. The stock was apparently considered to be valuable by all parties. It seems clear to us, with reference to the portion of the contract above quoted, that the conjunction ''and'', at the beginning of the clause ''and in the event'', etc., connects such clause with the preceding one; that what follows is not only a limitation upon the agreement to indemnify, but a detailed explanation of the particular losses intended to be covered, and that the clear intention is that the stock is to be sold within such two-year period and the liability fixed by that time or no liability can accrue thereunder. In our opinion, to give the language the construction contended for by appellant would require a period where the semicolon is, the elimination of the word ''and'', above referred to, and the capitalization of the word ''in'', which would then commence the next and then independent clause. An examination of the second clause referred to shows that such clause particularizes the losses intended to be paid. The fact still remains that those agreed to be paid, in such clause, are ''such losses as he may have suffered by reason of the transaction hereinbefore set forth'', which are the same as specified in the first clause, viz., ''all loss by reason of the accepting of said personal property in satisfaction of the aforesaid claim and judgment'' and particularly specified in the language immediately succeeding.

That a sale made after such two-year period would not impose any liability upon respondents under the language of the clause noted unless they had requested appellant to refrain from making such sale, is conceded by the allegations of the second cause of action set forth in the complaint. Plaintiff urges that defendants are estopped by reason of the fact that such requests were made. The trial court expressly found to the contrary. The liability

of respondents arising out of a written contract, as it does, the terms of such instrument can only be changed by a contract in writing or an executed oral agreement (sec. 1698, Civ. Code). The evidence fails to disclose either; and no competent evidence appearing to support the affirmative allegations or requested extensions of time to sell contained in plaintiff's complaint, the court was fully justified in making the negative finding.

A finding was made by the court, of which appellant complains, to the effect that on May 1, 1922, and for two years thereafter the stock in question was worth its par value or more. The evidence shows that the stock paid dividends of six per cent on such par value for said period and six months more. We think it a fair presumption that such dividends were paid out of earnings and that the conclusion reached by the court might fairly be drawn from such evidence alone. The finding referred to, however, is not necessary to support the judgment. If the stock was worth anything during the two-year period mentioned it would be presumed that some purchaser could be found if it was offered for sale. That the stock was valuable during all that time is a fair inference from the evidence presented. In any event, no effort seems to have been made by appellant to sell it.

Such finding also finds support in the evidence of defendant M. N. Newmark, as does also the finding to the effect that plaintiff's failure to sell the stock was not caused by or procured at the instance of defendants, of which appellant also complains. It is urged that since no evidence was introduced by defendants, and such conflicting evidence having been introduced into the case on the examination of respondent M. N. Newmark under section 2055 of the Code of Civil Procedure, by the plaintiff, it cannot be considered if opposed to plaintiff's case. With such contention we do not agree. Section 2055 does not mean that testimony so given may not be accorded its proper weight, but merely ''that the party calling such witness shall not be concluded from rebutting his testimony, or from impeaching the witness''. (*Figari* v. *Olcese*, 184 Cal. 775, 782 [195 Pac. 425, 428, 15 A. L. R. 192].) Appellant relies upon the case of *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], to support such contention, but

38

we fail to find that it does. The court in that case says (p. 559): "This testimony [under sec. 2055] is of course evidence in the case and may be considered in determining the issues of the case upon the trial or final hearing by the court, or if the case is before a jury, by the jury." To be sure, it cannot be considered on a motion for a nonsuit if it is not favorable to the plaintiff (*Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 Pac. 529]), nor on a motion for a directed verdict, which was the situation in the Smellie case, as in both such cases it is the duty of the court to consider only evidence favorable to the plaintiff, and if any such is found the motion must be denied.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred..

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1934.