[Civ. No. 23807.   Second Dist., Div. Two.   Nov. 30, 1959.]

MORRIS LAVINE, Appellant, v. GARY DAVIS et al., Defendants; MURIEL DAVIS, Respondent.

Morris Lavine, in pro. per., for Appellant.

George E. Danielson for Respondent.

HERNDON, J.—Plaintiff Morris Lavine appeals from a judgment in favor of defendant Muriel Davis in an action in which plaintiff sought to recover attorney fees.   Another named defendant, Gary Davis, although served with summons, failed to appear or answer.   It does not appear that any judgment has been entered with respect to him and he is not a party to this appeal.

Plaintiff's complaint is in three counts: (1) on an express oral contract alleging that defendants hired plaintiff "as an attorney at law to render to them and for and on their behalf legal services, for which they, the said defendants, then and there agreed to pay to plaintiff the reasonable value thereof; . . . [t]hat pursuant to said contract plaintiff rendered to, for and on behalf of defendants legal services and that the balance due for the reasonable value thereof was and is the sum of [$25,000] . . ."; and that after demand defendants had failed and refused to pay; (2) on an alleged open book account; and (3) on an account stated for $25,000 for legal services. Each count alleged that said legal services constituted "necessities."

The trial court found that as to the defendant Muriel Davis all the material allegations of the complaint were untrue; that she did not hire plaintiff or agree to pay him anything; and that as to her no account was stated. It appears from the memorandum opinion of the trial judge that his findings were based upon evidence which strongly tended to prove that at all times prior to the commencement of this action plaintiff looked entirely to defendant Gary Davis for payment of his fees, and that neither party ever understood or intended that Muriel would be obligated to pay them. Plaintiff offered no evidence to prove the open book account.

Appellant's unmeritorious contention that the findings are not supported by the evidence is based largely upon the fallacious notion that in determining the sufficiency of the evidence to support the findings in favor of respondent, her testimony given under examination pursuant to section 2055 of the Code of Civil Procedure must be disregarded. ▮▮▮ The true rule with respect to testimony given under section 2055 is stated as follows in *Leonard* v. *Watsonville Community Hospital*, 47 Cal.2d 509, 516 [305 P.2d 36] : "It is clear, however, that all such testimony is evidence in the case and that the provision in the section that a party calling an adverse witness shall not be bound by his testimony does not mean that such testimony may not be given its proper weight, 'but, merely, as it declares, that the party calling such witness shall not be concluded from rebutting his testimony or from impeaching the witness.' " (See also Witkin, California Evidence, 662, § 613.) Appellant's reliance upon *Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826], is completely misplaced; the case deals with an entirely different question.

A brief summary of the evidence will demonstrate that the

findings are well supported. In 1951 Gary Davis was convicted of 23 counts of grand theft, a felony, growing out of his promotion of a three-wheeled automobile invented by him. (See *People* v. *Davis,* 112 Cal.App.2d 286 [246 P.2d 160].) He was represented at the trial by the public defender, but after his conviction he employed appellant to represent him in an appeal in the criminal case, and in various other litigation in which he was involved, including a civil action, a bankruptcy, a labor claim, etc. Respondent Muriel Davis was not involved in any of this litigation except the civil action which was a suit for money in which she and Gary were named as defendants.

Respondent testified that she never at any time had any conversation with appellant relative to his fees, but that she did overhear a conversation between appellant and Gary Davis in which it was agreed that appellant would be given a 25 per cent interest in the automobile enterprise as his fee for his services in the several pending matters. Appellant himself testified that he did in fact receive a 25 per cent interest in the Davis car, and that he later made certain efforts to capitalize thereon.

In the civil action, Muriel Davis was represented by other counsel until May 8, 1951, when appellant was substituted. At the trial of that action, appellant, through an associate, made a motion for a nonsuit, which was granted as to respondent, but denied as to Gary Davis. Appellant's office also succeeded in releasing an attachment against a residence which was respondent's separate property. On May 5, 1952, after all appellant's services both in the civil and criminal matters had been concluded, appellant addressed a letter to defendant Gary Davis alone requesting a payment of $5,000 on account of attorney's fees.

While it is true that certain of the legal services rendered by plaintiff in the civil action were rendered on behalf of respondent and for her benefit, it is fairly clear that, according to the understanding of the parties, plaintiff was to look solely to Gary Davis and to the assigned interest in the Davis car for the payment of his fees. The fact that after plaintiff's services had been rendered he addressed his demand for a payment on account to Gary Davis alone tends to confirm this understanding. As the trial judge stated in his memorandum opinion: "In the instant case the plaintiff having rendered a considerable amount of services for Gary Davis wrote a letter directed to him alone requesting that

he pay $5,000 on account. Why it was not directed to Muriel Davis was not stated. That letter was the only evidence offered on the account stated count. If at the time the plaintiff was of the view he had a contract with Muriel Davis we would naturally expect to find the letter addressed to both Gary and Muriel Davis and not to Gary alone. Accordingly, there was no account stated with Muriel Davis.''

The only other possible basis for plaintiff's claim that an account was stated as against respondent consists of a bill for services addressed to both defendants and dated June 8, 1953, which was only 18 days before the instant action was filed. Respondent testified that she did not receive said bill, and that she never saw it prior to the time that a copy was shown to her during the trial.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1960. Schauer, J., was of the opinion that the petition should be granted.