Frank M. CHICHESTER, Trustee, in the Matter of Howard Golden, dba Howard Golden Wholesale Furniture, Bankrupt, Plaintiff,

v.

Howard GOLDEN, Lucille Golden, Michael Golden, Stephen Golden, Judy Lynne Golden, Carl M. Feldhorn, Ruth S. Feldhorn, Saul Goldstein, Lynne Furniture, Inc., a corporation, et al., Defendants.

No. 924-61.

United States District Court
S. D. California,
Central Division.

April 18, 1962.

**636**

I. B. Kornblum, H. Kornblum, Hollywood, Cal., for trustee.

Haskell H. Grodberg, Los Angeles, Cal., for Howard Golden, Lucille Golden and Judy Lynne Golden.

Jack Corinblit, Los Angeles, Cal., for Michael Golden, Stephen Golden, Carl Feldhorn, Ruth S. Feldhorn and Lynne Furniture, Inc.

Richard H. Oshman, Los Angeles, Cal., for Saul Goldstein.

YANKWICH, District Judge.

The above entitled cause heretofore tried, argued and submitted is now decided as follows:

Upon the grounds stated in the Comment to follow judgment will be for the plaintiff as follows:

1. That plaintiff do have and recover of the defendants Howard Golden, Lucille Golden and Ruth S. Feldhorn only, the sum of $23,611.86 with interest from date of judgment.

2. That no exemplary damages in any amount be awarded against the above-named or any of the other defendants.

3. That plaintiff take nothing against the defendants Michael Golden, Stephen Golden, Judy Lynne Golden, a minor not represented by a guardian ad litem, Carl M. Feldhorn, Saul Goldstein and Lynne Furniture, Inc., or any of them, and that they and each of them have judgment against the plaintiff for their costs.

4. That plaintiff recover from Howard Golden, Lucille Golden and Ruth S.

Feldhorn attorneys fees in the sum of $3,000.00 and their costs of suit.

Findings and judgment, limited strictly to the matters referred to in the Comment to follow, to be prepared by counsel for the plaintiff under Local Rule 7, West's Ann.Code.

### COMMENT

In this action a trustee in bankruptcy seeks to set aside a fraudulent conveyance under § 67, sub. d, (11 U.S.C.A. § 107, sub. d) and § 70, sub. c, (11 U.S. C.A. § 110, sub. c), of the Bankruptcy Act of 1938. The principles which govern such actions were established by the Supreme Court in the leading case of Shapiro v. Wilgus, 1932, 287 U.S. 348, 354, 53 S.Ct. 142, 77 L.Ed. 355. They have been followed ever since. (Sampsell v. Imperial Paper & Color Corp., 1941, 313 U.S. 215, 220, 61 S.Ct. 904, 85 L.Ed. 1293; In re Collins, 8 Cir., 1934, 75 F.2d 62; Fish v. East, 10 Cir., 1940, 114 F.2d 177, 182; General Kontrolar Co. v. Allen, 6 Cir., 1941, 124 F.2d 123, 125; Cook v. Ball, 7 Cir., 1944, 144 F.2d 423, 431; Heath v. Helmick, 9 Cir., 1949, 173 F.2d 157, 161; Hudson v. Wylie, 9 Cir., 1957, 242 F.2d 435, 436, 442.) Recovery is also sought under California Civil Code, § 3439.01 et seq. The conditions for recovery under these sections are set forth in Hickson v. Thielman, 1956, 147 Cal.App. 2d 11, 304 P.2d 122. See, Wood v. Kaplan, 1960, 178 Cal.App.2d 227, 230–231, 2 Cal.Rptr. 917.

Under the teaching of these cases acts, the object of which is to hinder and delay the creditors in enforcing their claims, are illegal and fraudulent against the creditors. The bankrupt and all persons participating therein with knowledge of the purpose may all be joined in an action by the trustee.

In the light of these principles a recovery in this case should be had against the bankrupt, his wife, Lucille Golden, and his sister, Ruth S. Feldhorn. The bankrupt established secret accounts. The wife knew of the establishment of the accounts and drew checks against one of them. The sister assisted

in the establishment of one account, lent $100.00, later repaid, towards its opening, executed the proper documents to enable the bankrupt to draw against it, and knew that the purpose was to "help him conduct his business operations despite harrassing creditors". Carl Feldhorn, the sister's husband, did not participate in any of these acts. So the judgment should not include him.

While including Mrs. Feldhorn it is stated for the record that the Court is satisfied that a $10,000.00 loan was actually made by the Feldhorns to the bankrupt which was never repaid. The Court is of the view, in the light of the cases cited, that there is no evidence in the record from which an inference can be made that the corporation Lynne Furniture, Inc. was organized with funds belonging to the bankrupt or that there can be traced to it any of the inventories of the merchandise which belonged to the bankrupt and which have not been accounted for. In view of these conclusions, the plaintiff is not entitled to judgment against the Corporation or the defendants Michael Golden, Stephen Golden, Judy Lynne Golden, and Saul Goldstein who are alleged to have participated in its organization.

■ There is unrefuted evidence that the Corporation was established at the instigation of the bankrupt's father, Michael Golden, with monies furnished by him or others whom he solicited, that the business, while somewhat the same as that conducted by the bankrupt, is managed entirely by the father and employees and salesmen whom he employs for the purpose, who receive either a salary or commission, which he pays. The fact that the bankrupt has, at times, done errands for the new business, for which he was paid, does not make him the owner or operator of it. Nor is the fact that when the bankrupt operated his own furniture business the father—who had been in the same business years before, occasionally assisted in answering telephones at the warehouse or in filling orders when the bankrupt was on the road—sufficient to indicate that the two businesses are the same

and that, in reality, the Corporation is carrying on the former business of the bankrupt for his benefit or is his alter ego.

■ There is no law which prevents a person who has been adjudicated a bankrupt, but has been denied a discharge, from later engaging in business or using his skill to earn a livelihood. The only effect of failure to receive a discharge is to subject his after-acquired property and future earnings to levy under attachment or execution in a proper proceeding. (Bankruptcy Act, §§ 14 to 17, 11 U.S.C.A. §§ 32–35.)

■ Were the failure to receive a discharge to stand in the way of earning a livelihood, a person denied discharge could, in effect be compelled to live on public charity or the charity of his family or friends. The Bankruptcy Act, while denying certain benefits to bankrupts who are not discharged, was not intended to punish them for the remainder of their lives by forcing them into a life of idleness or mendicity. The creditors are entitled to subject property in the name of others to the payment of their claims only if they can trace ownership to the bankrupt. They have attempted to do so in this case. The Court has limited recovery to certain individual defendants only and finds that the Corporation was organized with funds secured from others than the bankrupt, that none of its assets can be traced to funds or merchandise secreted or withheld by the bankrupt and that its business is not conducted for his benefit.

■ In order that the findings be limited strictly to the issues on which the court finds for the plaintiff, we state, that the placing of property, personal or real, in the name of others is not, of itself, either fraudulent or void. (See the writer's opinion in In re Rogal, 1953, 112 F.Supp. 712, 713, 716) This is true even when it is done between husband and wife. (See, Acme Distributing Co. v. Collins, 9 Cir., 1947, 247 F.2d 607, 611–615). Here the court finds no property of the bankrupt standing in the name of others, except the bank accounts.

■ As the judgment in this case is limited to the recovery of monies appropriated by the bankrupt and is against the bankrupt and others persons who aided him in establishing bank accounts in other names for the purpose of hindering and delaying creditors and is not an award of damages, no punitive damages should be allowed. (California Civil Code, § 3294)

■ It should be added that although the plaintiff placed the testimony of the defendants before the Court, under rule 43(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., it was not necessary for the defendants to offer additional testimony. They could rely on the fact that the Court could draw inferences and make findings favorable to the defendants, as I am doing in this case. (See, Bradford Builders, Inc. v. Sears Roebuck & Co., 5 Cir., 1959, 270 F.2d 649, 653.) Rule 43(b), of the Federal Rules of Civil Procedure is similar to § 2055 of the California Code of Civil Procedure.

California high courts have ruled consistently that testimony given under that section is

> "evidence in the case and may be considered in determining the issues of the case upon trial or final hearing by the court, or, if the case is before a jury, by the jury." (Smellie v. Southern Pacific Co., 1931, 212 Cal. 540, 559, 299 P. 529, 537.)

(And see, Green v. Newmark, 1933, 136 Cal.App. 32, 37–38, 28 P.2d 395; Daniels v. City and County of San Francisco, 1953, 40 Cal.2d 614, 625, 255 P.2d 785; Leonard v. Watsonville Community Hospital, 1956, 47 Cal.2d 509, 516, 305 P.2d 36; Lavine v. Davis, 1959, 175 Cal.App. 2d 647, 648, 346 P.2d 426.)

While many defenses were set up in the pleadings, the only one urged at the trial was *non-liability*. So the Court makes no comment on the other defenses. Additional facts may, however, be found in the findings and judgment printed at the end as "Appendix A".

Hence the ruling above made.

## APPENDIX A
## FINDINGS OF FACT

### I

On March 28, 1961, an Involuntary Petition in Bankruptcy was filed by three (3) creditors against defendant Howard Golden, (hereinafter referred to as the bankrupt). That plaintiff is Trustee in Bankruptcy of said defendant Howard Golden, duly qualified and acting as such, presented this action to set aside fraudulent conveyances under Sec. 67, sub. d (11 U.S.C.A. § 107, sub. d) and Sec. 70, sub. c (11 U.S.C.A. § 110, sub. c) of the Bankruptcy Act of 1938 and California Civil Code, § 3439.01 et seq. On May 16, 1961 the bankrupt filed his statement of affairs and schedules, omitting any reference to an account No. 2189–9232 in the Santa Monica office of the Bank of America, in the name of his sister, defendant Ruth S. Feldhorn, and an account No. 41387 in the Van Nuys Savings and Loan Association in the name of Judy Lynne Golden, his daughter, as required by law, both of which accounts were used by the bankrupt to deposit moneys belonging to him and from which accounts both he and his wife had authority to withdraw funds.

### II

As a result of examination of the bankrupt before the Referee in Bankruptcy, the Trustee was able to locate these two (2) concealed accounts established by the bankrupt. The account in the Bank of America was opened by defendant Ruth S. Feldhorn on November 30, 1960 by her depositing a $100.00 check drawn by her, either on a joint bank account in her name and that of her husband, defendant Carl M. Feldhorn, or from their business account of the Carmac Shoe Salon. The $100.-00 was later repaid. The defendant Ruth S. Feldhorn, at the time she opened the said account, executed the proper documents required by the bank to enable the bankrupt and his wife, defendant Lucille Golden, to withdraw against said account and defendant Ruth S. Feldhorn knew that the purpose was to enable

the bankrupt to conceal this account from his creditors and to "help him conduct his business operations despite harassing creditors," and the moneys deposited in said account by the bankrupt were fraudulent transfers to defendant Ruth S. Feldhorn. Her husband, Carl M. Feldhorn, learned for the first time of the loan to bankrupt of the $100.00 by his wife as a result of his going over the cancelled checks of the account from which the $100.00 was drawn.

### III

That defendants Ruth S. Feldhorn and Lucille Golden aided the bankrupt in establishing the said bank account in the name of Ruth S. Feldhorn, thus enabling the bankrupt to appropriate the sum of $23,611.86 which belongs to plaintiff as Trustee of the bankruptcy estate of the bankrupt. The said acts of the bankrupt and the said defendant Ruth S. Feldhorn compelled the Trustee to engage the legal services of I. B. Kornblum and David H. Kornblum, Attorneys, to prosecute this suit to recover said sum and to incur other expenses in connection therewith.

### IV

That it is not true that on or about December 8, 1955 the bankrupt became indebted to Carl M. Feldhorn for the sum of $10,000.00 plus 4% interest from December 8, 1955 for money loaned by defendant Carl M. Feldhorn to bankrupt. That it is not true that there is now due, owing and/or unpaid from said bankrupt to defendant Carl M. Feldhorn said sum of $10,000.00 plus 4% interest from December 8, 1955 or any sum at all.

### V

That it is not true that on or about June 30, 1954, August 10, 1954, December 8, 1954 and August 12, 1955 the bankrupt became indebted to defendant Michael Golden in the amount of $4,500.00 or any amount for money loaned by said Michael Golden to said bankrupt or otherwise. That it is not true that on or about September 15, 1956 the bankrupt became indebted to defendant Michael Golden for the sum of $5,000.00 or any sum for money loaned the bankrupt by defendant Michael Golden or otherwise. That the allegation that no part of said money has been paid is not true, and it is not true that there is now due, owing and unpaid from said bankrupt to defendant Michael Golden the sum of $9,500.00 with interest at the rate of 6% or any sum at all.

### VI

That after a hearing of objections to the discharge of the bankrupt filed by the plaintiff as Trustee held on November 20, 1961 and December 7, 1961 before the Honorable Howard V. Calverley, Referee in Bankruptcy, the said Referee did on January 9, 1962 file findings of fact, conclusions of law and order denying discharge of Howard Golden, the bankrupt. That it is not true that said hearing on objections to discharge and the issues of transfers in this case are identical, and/or that the issues in this case were tried and determined by reason of the said order denying discharge and that in legal effect were found adversely to the plaintiff herein. That it is not true that the very matters of intent to defraud litigated in trial of the objections to discharge were sought to be relitigated by plaintiff in this action.

### VII

That it is not true that defendant Lynne Furniture, Inc. was organized with funds belonging to the bankrupt or that there can be traced to it any of the inventories of the merchandise which belonged to the bankrupt and which has not been accounted for. That it is not true that the defendant Lynne Furniture, Inc. is carrying on the former business of the bankrupt for his benefit or as is his alter ego.

### VIII

That it is not true that defendants Michael Golden, Stephen Golden, Judy Lynne Golden and Saul Goldstein participated in the formation of the defendant Lynne Furniture, Inc. for the purpose of carrying on the former business of the bankrupt for his benefit.

## CONCLUSIONS OF LAW

From the foregoing facts, this Court concludes as follows:

### I

The Court has jurisdiction of the controversy and of the parties hereto.

### II

The opening of the bank account No. 2189–9232 in the Santa Monica office of the Bank of America by defendant Ruth S. Feldhorn with knowledge that it would be used by the bankrupt to conceal moneys belonging to him from his creditors, and her loaning the bankrupt $100.00 from funds in a joint bank account which she maintained with her husband, Carl M. Feldhorn, with which to open said account No. 2189–9232, which was later repaid, and on which account No. 2189–9232 said defendant Ruth S. Feldhorn executed the necessary authorizations required by the bank, constituting and delegating the bankrupt and his wife, Lucille Golden, as Attorneys-in-Fact of defendant Ruth S. Feldhorn to draw against said bank account, constituted an illegal and fraudulent act against the bankrupt's creditors by hindering and delaying said creditors in the collection of their accounts, all of which acts committed by the bankrupt and defendants Ruth S. Feldhorn and Lucille Golden enabled the bankrupt to appropriate moneys belonging to the creditors in the sum of $23,611.86 and to secrete the said funds in the said account from bankrupt's creditors and the plaintiff herein, and that the deposit of moneys in said account by the bankrupt were fraudulent transfers to defendant Ruth S. Feldhorn, and that the plaintiff is entitled to judgment against said defendants Howard Golden, Lucille Golden and Ruth S. Feldhorn in the sum of $23,611.86 together with attorney's fees in the sum of $3,-000.00 and costs against said defendants, hereinafter referred to in paragraph III.

### III

By reason of said fraudulent and illegal acts of the bankrupt and defendants Ruth S. Feldhorn and Lucille Golden, the plaintiff herein, as Trustee of the bankrupt, was compelled to commence this action and incur expenses in connection therewith including counsel fees of the value of $3,000.00.

### IV

The defendant corporation, Lynne Furniture, Inc. was established at the instigation of the bankrupt's father, defendant Michael Golden, with moneys furnished by him or others whom he solicited, and while the business of said corporation is somewhat similar to that conducted by the bankrupt, it is under the sole control of the bankrupt's father, Michael Golden, who employs the bankrupt, and that the bankrupt's doing errands for the corporation does not make him the owner or operator of the said corporation and the corporation is not carrying on the former business of the bankrupt for his benefit.

### V

That the plaintiff is not entitled to judgment against the corporation or the defendants Michael Golden, Stephen Golden and Saul Goldstein, who participated in the organization of the said corporation, or against defendant Judy Lynne Golden, and said defendants are entitled to judgment against the plaintiff for their costs.

### VI

Every finding of fact deemed to be a conclusion of law is hereby declared to be a conclusion of law and incorporated herein as a conclusion of law.

### VII

The plaintiff is entitled to judgment against defendants Howard Golden, Lucille Golden and Ruth S. Feldhorn only, in the sum of $23,611.86 with interest from date of judgment, together with attorney's fees in the sum of $3,000.00 and their costs of suit.

### VIII

The defendants Lynne Furniture, Inc., Michael Golden, Stephen Golden, Judy Lynne Golden, Carl M. Feldhorn and Saul Goldstein, and each of them are en-

titled to judgment that the plaintiff take nothing by his complaint, that the complaint be dismissed with prejudice only as against them and that said defendants have judgment against the plaintiff for their costs.

In accordance with the foregoing findings of fact, and conclusions of law, it is ordered adjudged and decreed:

1. That plaintiff do have and recover of the defendants Howard Golden, Lucille Golden and Ruth S. Feldhorn only, the sum of $23,611.86 with interest from date of judgment.

2. That plaintiff take nothing against the defendants Michael Golden, Stephen Golden, Judy Lynne Golden, a minor not represented by a guardian ad litem, Carl M. Feldhorn, Saul Goldstein and Lynne Furniture, Inc., or any of them, and that they and each of them have judgment against the plaintiff for their costs.

3. That plaintiff recover from Howard Golden, Lucille Golden and Ruth S. Feldhorn attorney's fees in the sum of $3,000.00 and his costs of suit.