Frank M. CHICHESTER, Trustee in the
Matter of Howard Golden, etc.,
Appellant,

v.

Michael GOLDEN, Carl M. Feldhorn and
Lynne Furniture, Inc., Appellees.

Michael GOLDEN, Carl M. Feldhorn,
Ruth S. Feldhorn, Howard Golden
and Lucille Golden, Appellants,

v.

Frank M. CHICHESTER, Trustee in the
Matter of Howard Golden, etc.,
Appellee.

No. 18183.

United States Court of Appeals
Ninth Circuit.

July 31, 1963.

Rehearing Denied Oct. 4, 1963.

I. B. Kornblum and David H. Kornblum, Los Angeles, Cal., for appellant-cross appellee Frank M. Chichester.

Jack Corinblit, Los Angeles, Cal., for appellees Lynne Furniture Inc., Michael

Golden and Carl M. Feldhorn; and for appellant Ruth Feldhorn.

Haskell H. Grodberg, Los Angeles, Cal., for appellants Howard Golden and Lucille Golden.

Before JERTBERG and BROWNING, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

This is an appeal from judgment entered in a plenary suit by a trustee in bankruptcy initiated by the filing of a complaint against a bankrupt, Howard Golden, his wife, Lucille Golden, the bankrupt's minor daughter, Judy Lynne Golden, the bankrupt's brother, Stephen Golden, the bankrupt's father, Michael Golden, the bankrupt's sister, Ruth Feldhorn, the bankrupt's brother-in-law, Carl Feldhorn, an accountant Saul Goldstein and a corporation, Lynne Furniture, Inc. The complaint asserted a claim for relief against all defendants based upon alleged transfers of moneys by the bankrupt "with actual intent as distinguished from intent presumed in law to hinder, delay or defraud either existing or future creditors" in violation of Section 67, sub. d of the Bankruptcy Act (11 U.S.C.A. 107, sub. d) and 3439.09 of the Civil Code of the State of California. The complaint also asserted that defendants had in their possession assets which were owned by the bankrupt at the time of the bankruptcy claimed by the plaintiff under 70, sub. c of the Bankruptcy Act.

After a trial in the United States District Court for the Southern District of California, without a jury, the court entered judgment as follows:

1. Judgment in favor of the Trustee and against the bankrupt, his wife Lucille Golden and his sister Ruth Feldhorn in the amount of $23,611.86 with interest and $3,000.00 attorneys' fees upon the grounds that prior to bankruptcy the bankrupt had opened two secret bank accounts and that his wife Lucille Golden and his sister Ruth Feldhorn had participated in opening one or more of these accounts, with guilty knowledge, and were therefore liable in an amount equal to the amount of moneys deposited in said bank accounts by the bankrupt.

2. Judgment in favor of Lynne Furniture, Inc., hereinafter referred to as the corporation, and in favor of Michael Golden and Carl Feldhorn, appellees herein. The judgment was that these appellees had not participated in the condemned bank accounts and had received no assets from the bankrupt.

3. Judgment in favor of Stephen Golden, Judy Lynne Golden and Saul Goldstein that these defendants had not participated in the condemned bank accounts and had received no assets from the bankrupt.

The Trustee has appealed from judgment for Michael Golden, Carl Feldhorn and Lynne Furniture, Inc. He has not appealed from judgments in favor of Stephen Golden, Judy Lynne Golden and Saul Goldstein. The bankrupt, Lucille Golden and Ruth Feldhorn have appealed from judgment against them and Michael Golden and Carl Feldhorn have cross-appealed from the judgment below with regard to specific findings of the trial court as to certain debts allegedly owed by the bankrupt.

Any attempt by this court to describe or review the factual situation, as interpreted by any of the parties involved in this appeal, could produce no less than confusion in the mind of a practitioner seeking guidance in connection with decision to be made in future and unrelated litigation. However, with the hope that disposition of the case as made hereby will be more susceptible of understanding, reference is made to the findings of fact and conclusions of law with "Comment" of the trial court as reported in D.C., 204 F.Supp. 634.

Jurisdiction of a United States District Court to hear plenary suits to set aside fraudulent transfers or to recover possession of the bankrupt's property is set forth in Sections 67, sub. c and 70, sub. e (2) of the Bankruptcy Act. (11 U.S. C.A. 107 sub. c and 110, sub. e).

Jurisdiction of this court on appeal exists under 28 U.S.C.A. §§ 1291 and 1294.

■■ Decision in the matter of appeal by the Trustee from judgment for Michael Golden, Carl Feldhorn and Lynne Furniture, Inc. offers no problem. The trial judge made specific findings of fact which preclude acceptance of arguments made by the Trustee unless "clearly erroneous". Bank of America National Trust & Savings Association v. Hayden, 9th Cir., 231 F.2d 595. Wilson v. New York Life Ins. Co., 250 F.2d 649, 8th Cir., Bloom v. United States, 9 Cir., 272 F.2d 215 at 233. Although the circumstances under which Lynne Furniture Inc. was organized and the activities of appellees Golden and Feldhorn in connection therewith could have been regarded as sufficient to establish the Trustee's charge of fraudulent diversion and concealment of the bankrupt's assets, the record supports findings to the contrary which must be accepted by this court. Judgment for Michael Golden, Carl Feldhorn and Lynne Furniture Inc. is therefore affirmed.

■ The cross-appeals of Michael Golden and Carl Feldhorn which attack findings adverse to their claims against the bankrupt are denied for reasons similar to those which resulted in rejection of the argument made by the Trustee in his appeal against them in connection with the formation and operation of Lynne Furniture, Inc. Implications of fraud which were apparently lacking sufficient persuasive quality to allow the trial court to render judgment for the Trustee in his action against cross-appellants are more than adequate to support findings IV and V.

■ The appeals of the bankrupt, Howard Golden, Lucille Golden, his wife, and Ruth S. Feldhorn, his sister, present questions of a different nature. All parties concede that Howard Golden established a bank account in the Santa Monica branch, Bank of America, N. T. & S. A. in the name of his sister for the purpose of hindering and delaying creditors in the collection of their accounts. The total amount deposited in, and thereafter withdrawn from, this account was found to be $17,383.13. Shortly after opening the account at Santa Monica, Howard Golden established a second bank account in excess of $6,000 at the Van Nuys Savings and Loan Association in the name of his minor daughter, Judy Lynne Golden. This account was admittedly designed to hinder and delay creditors, but the record and findings of fact do not support a conclusion that Ruth S. Feldhorn was aware of its existence. It would seem apparent that the amounts deposited in the Van Nuys Savings and Loan Association can not be charged to Ruth S. Feldhorn on any theory advanced herein. However, undisputed findings of the trial court that she joined with her brother in hindering, delaying creditors and probably accomplishing the ultimate fraud are fully justified. Judgment against Ruth S. Feldhorn should have been in the amount of $17,383.13 and the order of the trial court is modified to conform with this opinion.

■ The appeal of Lucille Golden, wife of the bankrupt, is similar to that of Ruth S. Feldhorn. Findings of fact, supported by the record, indicate that she aided the bankrupt in establishing the bank account in the Santa Monica branch of the Bank of America and drew some checks upon the account. The record and findings failed to indicate knowledge on the part of Lucille Golden with regard to establishment of the account at the Van Nuys Savings and Loan Association. As in the appeal of Ruth S. Feldhorn, and for the same reasons, judgment should have been in the amount of $17,383.13 and the order of the trial court is modified to conform with this opinion.

■ The appeal of Howard Golden, the bankrupt, requires more than casual consideration. His activities prior to March 28, 1961, when an involuntary petition in bankruptcy was filed, were clearly intended to hinder, delay and defraud creditors. An order denying his discharge in bankruptcy made by the Referee in Bankruptcy on January 9, 1962 was predicated upon such evidence. The Trustee thereafter obtained judgment in the district court for money concealed and dissipated prior to the filing of the

petition in bankruptcy. This court must decide whether or not a trustee can prevail in such an action where the record and the findings establish the fact that no property was in the actual or constructive possession of the bankrupt at the time of filing. We hold the answer to be in the negative.

 In what the trial judge elected to describe as a "Comment" and which we assume to be a supplement to findings of fact, it is said that "the court finds no property of the bankrupt standing in the name of others except the bank accounts." The record indicates that the money previously deposited in the "bank accounts" had been dissipated by the bankrupt prior to March 28, 1961. Thus, the bankrupt was possessed of nothing more to which the Trustee acquired title as of the date of bankruptcy. Under Section 70, sub. a of the Bankruptcy Act, the trustee succeeds to title to the bankrupt's assets (with specific exceptions not herein involved) in existence as of the date of bankruptcy. Section 67, sub. d of the Bankruptcy Act gives the trustee power, subject to certain qualifications and limitations, to recover from third parties assets fraudulently conveyed by the bankrupt. Failure of the bankrupt to place the trustee in possession of all assets to which the trustee has acquired title is susceptible of remedy by a turnover order or, in the event that they have been dissipated subsequent to the filing in bankruptcy, a judgment consistent with the value thereof. A turnover order is directed against assets which the bankrupt had in his possession, or under his control, at the date of filing in bankruptcy, and title to which, by operation of law, the trustee succeeds. In this case the trustee did not seek a turnover order but obtained a money judgment for fraud in connection with the concealment and dissipation of assets months prior to the date of bankruptcy. We find no authority for such action by the trustee. The remedy as to the bankrupt under the circumstances of this case is a denial of discharge, which will allow creditors to take such action as they may deem ex-

pedient. Discharge was properly denied in this case, but a judgment in favor of the Trustee for fraudulent misconduct prior to the filing of the petition in bankruptcy is unwarranted. The judgment against appellant Howard Golden is reversed.