**In re SCIENTEX CORPORATION, a Nevada corporation, Debtor.**

**Bankruptcy No. LA83–10511 BR.**

United States Bankruptcy Court, C.D. California.

Dec. 28, 1984.

Anthony J. Despol, Torrance, Cal., for debtor.

Dale L. Gronemeier, Neil J. Barker, Gronemeier & Barker, Van Nuys, Cal., in pro. per. and for petitioning creditors.

ScienTex Corp., Beverly Hills, Cal., debtor.

MEMORANDUM OF OPINION AWARDING SANCTIONS AGAINST COUNSEL FOR DEBTOR FOR ABUSE OF THE EX PARTE MOTION PROCESS

BARRY RUSSELL, Bankruptcy Judge.

## INTRODUCTION

The matter before the Court concerns the motion for sanctions of $1,544.27 against Debtor's counsel Anthony Despol for abuse of the *ex parte* motion process.

The motion is made pursuant to 28 U.S.C. § 1927 upon the ground that Despol's conduct required opposing counsel to prepare, file and serve opposition papers which were unnecessary and thereby multiplied the proceedings unreasonably and vexatiously.

## FACTS

This bankruptcy case was initiated on June 1, 1983, with the filing of an involuntary petition under Chapter 7 by eight creditors of the debtor, ScienTex Corporation ("ScienTex"). In December, 1983, the Court scheduled a trial on the involuntary petition for January 30, 1984. On January 25, 1984, ScienTex was converted to a Chapter 11 on application by the debtor.

On January 31, 1984, petitioning creditors filed a motion seeking the appointment of a Trustee, and for other relief. These motions were set for hearing on February 16, 1984.

On February 1, 1984, debtor's attorney, Anthony Despol, called the petitioning creditors' attorneys, Dale L. Gronemeier and Neil J. Barker, and informed them that he was planning to file an application to have Samuel Lipson appointed as special counsel for the debtor in litigation pending in the United States District Court. At that time, Despol expressed his desire to have the application heard before this Court on February 16, 1984, concurrently with petitioning creditors' motions. Despol indicated that he intended to submit that

afternoon an *ex parte* application to shorten time to have the matter heard on February 16, 1984.[1] Within a few hours after this conversation, Barker drove to Despol's office to obtain a copy of the latter's motion papers. Barker told Despol that while the petitioning creditors did not oppose the application to shorten time to have the motion for special counsel heard jointly with the creditors' own motions, the creditors would oppose the special counsel application on the merits.

According to Despol, Lipson met with Despol later that evening and indicated that he had second thoughts about the motion to represent the debtor. Despol then allegedly prepared a letter dated February 1, 1984 to Barker informing Barker that he would not proceed with the *ex parte* motion. Although Despol claims that he asked his secretary to mail this letter on February 2, 1984, the letter was not sent and Despol did not mention it to Barker when they met on February 2, 1984.

On February 2, 1984, Despol met with Barker and gave the latter copies of the various papers which related to another motion by the debtor. Despol informed Barker that he still intended to have this matter heard on *ex parte* application on February 16, 1984, along with the other matters. Barker proposed that the petitioning creditors have until February 8, 1984, in which to serve and file their opposition.

On February 2, 1984, the same day as Despol's visit, Barker sent a letter to Despol memorializing the events which occurred on February 1, 1984 and February 2, 1984. Subsequently, Gronemeier and Barker prepared opposition papers to debtor's application to employ Lipson as special counsel. On February 8, 1984, the opposing papers were filed in accordance with the attorneys' previous agreement. Upon receiving the opposing papers on the afternoon of February 8, 1984, Despol called Barker and informed the latter that the

---

1. To have the application heard on February 16, 1984, would require an order shortening the notice period to less than the 17 days required by Local Rule 904 of the Central District of California.

application regarding employment of special counsel had never been filed.

## DISCUSSION

An extraordinary quality of the bankruptcy system is its ability to quickly and effectively react to emergency situations.

In order to accommodate such exigencies, flexibility must be made part of the procedures relating to the ability of parties to have motions heard by the Court.

Under normal circumstances, all parties in interest must be given at least seventeen days notice of all motions.[2] Nevertheless, if a true emergency exists, *ex parte* motions may be heard on shortened notice. Under all but the most unusual circumstances (not present in this case), actual notice must be given to all parties in interest before the Court will grant *ex parte* relief.[3]

Exceptional care must be exercised to request *ex parte* relief under only truly emergency situations. Because of the shortness of time between notice and hearing (often 24–48 hours), opposing counsel may be required to drop everything else and make extraordinary efforts to respond to the motion.

Along with the right of counsel to have such quick access to the Court goes the duty not to abuse such right.

This Court has the inherent power to impose sanctions on parties and counsel who "willfully abuse the judicial process". *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *United States v. Blodgett*, 709 F.2d 608, 609 (9th Cir.1983); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1342 (9th Cir. 1982). In addition, the power of this Court to correct abusive practices is found in 11 U.S.C. § 105(a) which provides:

"The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Finally, 28 U.S.C. § 1927 is being used more frequently by this Court and numerous other Bankruptcy Courts throughout the country to curb abuses of the Bankruptcy system. See *In re Johnson*, 24 B.R. 832 (Bkrtcy.E.D.Pa.1982); *In re Jolly Joint, Inc.*, 23 B.R. 395 (Bkrtcy.E.D.N.Y.1982).

28 U.S.C. § 1927 provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Concerning the facts of the case before this Court, common sense dictates that if an attorney serves motion papers on opposing counsel and tells the latter that he will file the motion, that attorney has a duty to notify the opposing counsel the minute he changes his mind about filing the motion. This was not done here. Under the circumstances of this case, that breach of duty must not be allowed to go unpunished when it has direct and substantial economic consequences on opposing counsel. Such conduct will not be tolerated by the Courts, particularly bankruptcy courts, where the overwhelming volume of cases requires that the judicial system work in an orderly and expeditious manner.

## CONCLUSION

For the above-stated reasons, the Court finds that Despol's conduct resulted in willful abuse of the judicial process by multiplying the proceedings unreasonably and vexatiously.

Therefore, the motion for sanctions for attorneys' fees and expenses of $1,544.27 against Despol is granted.

IT·IS SO ORDERED.

2. Local Bankruptcy Rule 904(e), Central District of California.

3. Local Bankruptcy Rule 904(j), Central District of California.