Jay A. STEINBERG, Trustee in Bankruptcy for Pioneer Development Corp., Plaintiff–Appellee,

v.

Michael R. ESPOSITO, Defendant–Appellant.

Bankruptcy Nos. 87 C 6934, 81 A 4018 and 82 A 3891.

United States District Court, N.D. Illinois, E.D.

Dec. 14, 1987.

John H. Anderson, Jerome F. Buch, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for First Nat. Bank of Blue Island.

Michael Lee Tinaglia, Laser, Schostok, Kolman & Frank, Chicago, Ill., for defendant-appellee.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant-appellant Michael R. Esposito has appealed from an order of Bankruptcy Judge John D. Schwartz, entered April 29, 1987, which imposed a $200,000 sanction, termed "punitive damages," payable by Esposito to the estate. The merits of that appeal are not yet before this court. The far more narrow question is whether this court should stay execution upon that $200,000 judgment, pending the appeal, without requiring a supersedeas bond. The motion for a stay is denied.

Esposito does not contest, for purposes of the stay motion, the factual context which caused Judge Schwartz to award the $200,000. According to Judge Schwartz's findings Esposito had engaged in a continuing fraud to gain the proceeds of a note payable to the estate, and that fraud included substantial perjury before Judge Schwartz in the thirteen days of hearings leading up to the order. According to Esposito, the claim for the sanction is the creature of an intervening creditor and not brought by or supported by the trustee (the trustee vigorously opposes the stay here), was not a core proceeding which Judge Schwartz could decide, is a claim for punitive damages which are not recoverable in a proceeding to void a fraudulent conveyance, and was not litigated in a manner which provided him with an adequate opportunity to respond. For these and other reasons he contends that the stay should be granted. The ultimate basis for that contention is that he will prevail on appeal.

The parties agree that a losing defendant normally has to post a supersedeas bond or the winner can proceed to collect with, of course, subsequent disgorgement if the decision is reversed on appeal. The parties appear to agree, also, that this court has the power to determine otherwise, that the exercise of that power is an exercise of discretion, and that the standards for exercising that discretion are similar to those applicable to the granting of preliminary relief: the likelihood that the party seeking the stay will prevail on appeal, the likelihood of irreparable injury to the moving

party if the stay is not granted, the probability that no substantial harm will occur to other parties if the stay is granted, and impact of a grant or denial upon the public interest.

Esposito characterizes the $200,000 as punitive damages and, indeed, that is the phrase used by Judge Schwartz. Then, relying heavily upon *Mack v. Newton*, 737 F.2d 1343 (5th Cir.1984), and *Elliott v. Glushon*, 390 F.2d 514 (9th Cir.1967), he contends that punitive damages cannot be recovered in a fraudulent conveyance proceeding. Those two cases, however, do not deal with punitive damages. They hold that damages cannot be recovered under the Bankruptcy Code in such a proceeding against one who never possessed the property, that a joint tortfeasor or co-conspirator claim will not lie. If Esposito had aided his father to transfer the note to another he could rely upon those cases to deny independent liability, but here it was he who purportedly received the note. He is closer to the mark when he urges that punitive damages may not be recoverable in a proceeding to recover assets, as some courts have so held on the basis of state law. *E.g., Chichester v. Golden*, 204 F.Supp. 634 (S.D.Calif.1962); *In re Checkmate Stereo & Electronics, Ltd.*, 9 B.R. 585 (1981).

We recognize that punitive damages is a concept usually invoked to punish a particularly egregious tort wrongdoer when the wrongdoing is unrelated to any legal proceeding, *e.g.*, a custodian beating a prisoner, and that there may also on occasion be recovery for particularly egregious conduct as an independent tort, as in *Roberts v. Western–Southern Life Insurance Co.*, 568 F.Supp. 536 (N.D.Ill.1983). That kind of recovery may well be beyond the reach of the Bankruptcy Code. Despite Judge Schwartz's invocation of "punitive damages," however, it is clear from his comprehensive opinion that he found Esposito to have sought to obtain property in fraud of the estate's creditors, and that his conduct included the fabrication of documentation presented to the Bankruptcy Court and false testimony in the adversary proceeding. Judge Schwartz's obvious concern

was that Esposito had improperly attempted to divert property because of the imminent bankruptcy and had then, in bad faith, sought to subvert the judicial process to recover the property. 28 U.S.C. § 1927 authorizes sanctions against attorneys, not parties, and Esposito was a party here. But this court would be greatly surprised if Judge Schwartz did not have authority, even on his own initiative, based upon inherent powers, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), Bankruptcy Rule 9011, 11 U.S.C. 105(a), or all three, *In re Jones*, 41 B.R. 263 (1984); *In re Scientex Corp.*, 46 B.R. 41 (1984), to impose the sanctions here appealed as an adjunct to the core proceeding before him. In short, this court does not believe that Esposito has much of a likelihood of prevailing upon the grounds advanced in his motion to stay. Accordingly, the motion for a stay is denied.